504 A.2d 281

**EI BON EE BAYA GHANANEE a/k/a Oscar Holly, Appellant,**

v.

**Carol BLACK, Appellee.**

Superior Court of Pennsylvania.

Submitted May 21, 1985.

Filed Jan. 28, 1986.

Oscar Holly, in propria persona.

Carol A. Black, in propria persona.

Before CAVANAUGH, CIRILLO and HESTER, JJ.

CAVANAUGH, Judge:

In this case, the appellant, ei bon ee baya ghananee, also known as Oscar Holly, was convicted in the Municipal Court of Philadelphia. The appellee, Carol Black, Esquire, was appointed by the court to represent Mr. Holly in the post conviction proceedings. Subsequently the appellant was notified that his motions for appeal to the Court of Common Pleas and/or motion for new trial had been dismissed.

The appellant then commenced a civil action against his attorney, the appellee herein, by filing a complaint in trespass in the Court of Common Pleas. The complaint was not

artfully drawn, not having been prepared by a lawyer, but it alleged *inter alia:*

5. That the Defendant negligently and without due care permitted the Court of Common Pleas to treat said motion as a motion filed under the Post-Conviction Hearing Act, to wit: _____.

6. Paragraph five, by reference, is incorporated hereinafter as if set forth at lenght and Plaintiff avers that said Court, on or about June, 1983, did dismiss his said motion without prejudice because he didn't have standing under said Post-Conviction Hearing Act.

7. That under Rule 902, Pa.R.App.P., the Plaintiff had the right to appeal said finding of the Court of Common Pleas.

8. That the Defendant negligently and without due care did not appeal the action of said Court to the Superior Court of Pennsylvania.

9. That the Defendant negligently and without due care did not refile the Plaintiff's motion in the Court of Common Pleas.

10. That the Defendant negligently and without due care allowed the Plaintiff's time for filing an appeal to run out.

11. That on or about November, 1983, Plaintiff learned from the Court of Common Pleas that his motion as stated in # 3, supra, had been dismissed.

12. Paragraph eleven, by reference, is incorporated hereinafter as if set forth at lenght and Plaintiff avers that the Defendant negligently and without due care did not inform him of the action of the Court.

13. Paragraphs four through eleven, by reference, are incorpoated hereinafter as if set forth at lenght and Plaintiff says that the Defendant negligently and without due care did abandon him and did not take any steps to protect and advance his interest.

14. Paragraphs three through thirteen, by reference, are incorporated hereinafter as if set forth at length.

15. Plaintiff avers that when he learned that his motion had been dismiss because of the negligence of the Defendant and that he had lost his appeal rights, that he was seized with great shock to his nervous system and did suffer great pain and mental anguish and he did suffer insomnia and loss of appetite and he did become depress and he will suffer for sometime in the future.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $19,000.00 dollars and costs.

(Complaint reproduced exactly as it appears in the original.)

The appellee filed preliminary objections to the complaint in the nature of a demurrer on the grounds that the complaint failed to set forth a cause of action. The preliminary objections also alleged that the court lacked jurisdiction over the subject matter and the complaint failed to conform to the rules of court. The court below, in an order by DiBona, J., sustained the preliminary objections in the nature of a demurrer and dismissed the complaint for failure to state a claim on which relief could be granted.

■ It is basic that:

Where there is a challenge to the sustaining of a preliminary objection in the nature of a demurrer, an appellate court's scope of review is limited. Recently, we reiterated this standard in *Vattimo v. Lower Bucks Hosp., Inc.*, [502] Pa. [241], 465 A.2d 1231 (1983), as follows:

"All material facts set forth in the complaint as well as all inferences reasonable deducible therefrom are admitted as true for [the purpose of this review.] *Clevenstein v. Rissuto*, 439 Pa. 397, 266 A.2d 623 (1970). *The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970). *Where a*

*doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in* favor *of overruling it.* Birl v. Philadelphia Electric Co., 402 Pa. 297, 167 A.2d 472 (1960)." (Emphasis added.)

Mahoney v. Furches, 503 Pa. 60, 66, 468 A.2d 458, 461–462 (1983). Preliminary objections in the nature of a demurrer should be sustained and the complaint dismissed only in cases that are clear and free from doubt. Herron v. Seizak, 321 Pa.Super. 466, 468 A.2d 803 (1983). Any doubt should be resolved in favor of overruling the demurrer. Chorba v. Davlisa Enterprises, Inc., 303 Pa.Super. 497, 450 A.2d 36 (1982).

In this case the appellee was assigned to represent Mr. Holly under Pa.R.Crim.P. 316 which provides in part:

(c) In all Cases

(i) The court, of its own motion, shall assign counsel to represent a defendant whenever the interests of justice require it.

(ii) A motion for change of counsel by a defendant to whom counsel has been assigned, shall not be granted except for substantial reasons.

(iii) Where counsel has been assigned, such assignment shall be effective until final judgment, including any proceedings upon direct appeal.

The fact that the appellee was court appointed counsel does not grant her immunity from liability for negligence. Even a public defender who is court appointed counsel is subject to liability. The supreme court speaking through Chief Justice Nix in Reese v. Danforth, 486 Pa. 479, 486, 406 A.2d 735, 737 (1979) stated:

While the availability of court-appointed counsel to represent indigents is indubitably the public business, we hold that once the appointment of a public defender in a given case is made, his public or state function ceases and thereafter he functions purely as a private attorney concerned with servicing his client. His professional rela-

tionship with his client takes on all the obligations and protections attendant upon a private attorney-client relationship except one: the public pays his fee. In this respect, he is like the physician rendering professional services which are paid for out of public funds and, like that physician, he ought to be subject to liability for tortious conduct. *E.g., Jackson v. Kelly,* 557 F.2d 735 (10th Cir.1977); *U.S. ex rel. Fear v. Rundle,* 506 F.2d 331 (3d Cir.1974).

■ It follows that a private attorney who is appointed by a court to represent an indigent criminal defendant likewise has no immunity from liability for negligent representation of his client.[1] Counsel is negligent in a malpractice case if he does not exercise ordinary skill and knowledge. *Hoyer v. Frazee,* 323 Pa.Super. 421, 470 A.2d 990 (1984).

■ We must determine whether the complaint set forth a cause of action against the appellee sufficient to preclude the grant of the preliminary objection in the nature of a demurrer which admits all facts set forth and inferences reasonably deductible therefrom. There are three essential elements which must be established in order to bring an action for malpractice against an attorney: (1) the employment of the attorney or other basis for his obligation to act as attorney; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) negligence of the attorney which was the proximate cause of damage to the plaintiff. *Schenkel v. Monheit,* 266 Pa.Super. 396, 405 A.2d 493 (1979); *Bangert v. Harris,* 553 F.Supp. 235 (M.D.Pa. 1982). In the matter before us the appellee acted as appel-

1. In *Moore v. McComsey,* 313 Pa.Super. 264, 459 A.2d 841 (1983) a civil action was filed against public defenders assigned to defend a criminal defendant. The action was based on alleged negligence which purportedly caused the defendant's conviction and incarceration. We held that the action was based on an injury to the person and that the two year statute of limitations applied and malpractice of an attorney is not to be treated as a breach of contract to which a six year statute of limitations applies.

lant's attorney in post trial proceedings. The complaint further alleges that the appellee was negligent in her representation by failing to timely follow through on an appeal to the Court of Common Pleas. Finally, the appellant alleges that the negligence of his counsel in not pursuing his appeal resulted in his motions being dismissed and that this caused him the damages complained of. While the complaint was not drafted with skill, it was prepared by one not learned in the law, and in our opinion set forth a cause of action under the rule that we must resolve doubts in favor of overruling the demurrer.

The court below in sustaining the preliminary objections in the nature of a demurrer stated:

Plaintiff's complaint alleges ineffective assistance of counsel regarding an appeal from a criminal conviction in the Municipal Court. Plaintiff's remedy is an appeal made pursuant to the Post Conviction Hearing Act of 1982, P.L. 417, No. 122, 42 Pa. C.S.A. § 9541 *et seq.*

Counsel may or may not have been ineffective in failing to take an appeal to the Court of Common Pleas. We make no judgment with respect to this, but the fact that the appellant may have a remedy within the criminal justice system under the Post Conviction Hearing Act does not preclude him from pursuing civil remedies based on alleged negligent conduct of his attorney. A claim of ineffective assistance of counsel is tantamount to an allegation of incompetency on the part of counsel. *Commonwealth v. Smoyer*, 281 Pa.Super. 320, 422 A.2d 189 (1980).

Viewing the appellant's complaint in the light of *Mahoney v. Furches, supra,* we find that sufficient facts were pleaded to take the action beyond the demurrer stage. We therefore remand the instant case to the court below for proceedings consistent with this opinion.

Order reversed and case remanded. We relinquish jurisdiction.