568 A.2d 223

**Kenneth QUICK, Appellant,**

**v.**

**Stephen SWEM, Esquire, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 16, 1989.

Filed Dec. 29, 1989.

Kenneth Quick, in pro. per.

Thomas C. Reed, Pittsburgh, for appellee.

Before CAVANAUGH, MELINSON and MONTGOMERY, JJ.

CAVANAUGH, Judge:

Appellant, Kenneth Quick, brought a legal malpractice action against appellee, Steven Swem, Esquire,[1] a public defender who represented him in criminal proceedings. Quick pled guilty while represented by Swem to the charges of involuntary deviate sexual intercourse and related offenses. No direct appeal was taken. He was represented

---

1. Also named in the complaint is Attorney John A. Halley. However, the Complaint was apparently not served upon him. Only Mr. Swem has participated in the case, and our disposition relates only to him.

by new counsel at the collateral appeal stage. Quick's petition filed under the Post Conviction Hearing Act, (PCHA), 42 Pa.C.S.A. § 9541 *et seq.* (repealed) has been twice remanded by this court for consideration of the merits of the petition.

The complaint in malpractice was filed while the second appeal was pending before this court. After the lower court dismissed the malpractice complaint, this court remanded the criminal matter for the second time. The basis upon which the lower court sustained appellee's preliminary objections and dismissed the complaint with prejudice was that it was without jurisdiction to act, pursuant to the Post Conviction Relief Act, (PCRA), 42 Pa.C.S.A. § 9542. This section provides as follows:

§ 9542. Scope of subchapter

This subchapter provides for an action by which persons convicted of crimes they did not commit or serving unlawful sentences may obtain collateral relief and for an action by which persons can raise claims which are properly a basis for Federal habeas corpus relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect including habeas corpus and coram nobis. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, nor is this subchapter intended to provide a means for raising issues waived in prior proceedings.

We disagree that this statute precludes maintenance of a civil action for malpractice that seeks monetary damages. We interpret it to preclude only collateral actions which pose a challenge to the judgment of sentence. The specification of the remedies of habeas corpus and corum nobis indicate that the legislature intended to limit challenges to a judgment of sentence to the procedure set forth in the PCRA. The award of monetary damages through a

civil action is not precluded by this statute. The language that the PCRA petition encompasses all other remedies "for the same purpose" means that where the purpose is to overturn a judgment of sentence it is the sole means of relief. Civil actions alleging negligent conduct by counsel remain available under this revised statute. *See, ei bon ee baya ghananee v. Black,* 350 Pa.Super. 134, 504 A.2d 281 (1986). We believe that far more specific language than that employed in this statute would be required for us to conclude that the legislature intended to extinguish a valuable common law right such as that involved in this case.

The lower court erred in dismissing the complaint. The elements of a cause of action for legal malpractice are as follows:

> The necessary elements to prove a cause of action based on legal malpractice are: (1) the employment of the attorney or other basis for a duty on the part of the attorney; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) negligence by the attorney which was the proximate cause of damage to the plaintiff. *Trice v. Mozenter,* 356 Pa.Super. 510, 515 A.2d 10 (1986). See also *Schenkel v. Monheit,* 266 Pa.Super. 396, 405 A.2d 493 (1979).

*Alberici v. Tinari,* 374 Pa.Super. 20, 31, 542 A.2d 127, 132 (1988).

> Additionally, the plaintiff must be able to establish by a preponderance of the evidence that he or she would have prevailed in the underlying litigation. *Brock v. Owens,* 367 Pa.Super. 324, 328–329, 532 A.2d 1168, 1170 (1987); *Trice, supra.*

*Ibn–Sadiika v. Riester,* 380 Pa.Super. 397, 403, 551 A.2d 1112, 1115 (1988).

Although Quick has not demonstrated that he would have prevailed in the underlying litigation, because the proceedings are at the pleading stage, no such demonstration is possible. While there is still no final outcome of the criminal case, Quick's cause of action has accrued since he has alleged an injury, i.e., incarceration, which he alleges to

have been caused by the negligence of Swem. Clearly, appellant has lost all confidence in the stewardship of his former counsel, and the time within which to commence his action for malpractice has begun to run. *See, Trice v. Mozenter*, 356 Pa.Super. 510, 515 A.2d 10 (1986); *Moore v. McComsey*, 313 Pa.Super. 264, 459 A.2d 841 (1983). Resolution of the PCHA petition is not necessary before the maintenance of a civil cause of action against trial counsel is legally cognizable. *See, Id.*

Order reversed and remanded for proceedings not inconsistent with this opinion. Jurisdiction relinquished.