635 A.2d 186

**Jeffrey D. HILL, Appellant,**

v.

**Ralph W. THORNE, Appellee.**

Superior Court of Pennsylvania.

Submitted Aug. 23, 1993.

Filed Dec. 9, 1993.

Jeffrey D. Hill, appellant, pro se.

Joseph D. Smith, Williamsport, for appellee.

Before OLSZEWSKI, POPOVICH and HESTER, JJ.

OLSZEWSKI, Judge:

Jeffrey Hill appeals an order dismissing his complaint against attorney Ralph Thorne. The trial court dismissed the complaint for Hill's failure "to conform to the Pennsylvania Rules of Civil Procedure." In examining the trial court's rather summary opinion accompanying the above order, we have some difficulty determining exactly how Hill failed to conform to the rules. The trial court does refer us to an opinion in a different action by Hill, in which that court more

thoroughly set forth its reasons for dismissing the action. *See Hill v. Holland, et al.,* 414 Pa.Super. 675, 599 A.2d 706 (1991). We have obtained a copy of this opinion, and can now proceed to address Hill's *pro se* appeal.

Hill's present action appears to be a malpractice claim against one of his court-appointed attorneys, Ralph Thorne. In addressing another appeal of Hill's, we discovered that Thorne had managed to get this Court's affirmance of Hill's criminal convictions reversed by the Pennsylvania Supreme Court. Despite this unusual success, Hill alleges malpractice, arguing that Thorne should have procured a complete dismissal, not merely a remand for a new trial.

We also cannot help but note that Hill has filed numerous suits against not only his court appointed counsel, but district attorneys, judges and other county officials. Most of Hill's handwritten motions, appeals, etc. show little respect for judicial officers, but fire insults and invective in every direction. In the present appeal, Hill describes the Lycoming County Court of Common Pleas as a "Legalized Mafia." Hill's preferred epithet for this Court is "you sanctimonious hypocrites." The essence of Hill's appeal seems to be that "[t]he prothonotary, the sheriff, and the judge along with the defendant who is an officer in their court don't want me feeding the crooked Lycoming County kangaroo court anymore crow, so they conspired to stop me and are currently involved in shirking responsibility for their dirty, devious political chicanery and skullduggery." Appellant's brief at 4. At least Hill is a colorful writer.

But our task is to determine if the lower court erred in dismissing Hill's complaint. The trial court apparently based its dismissal on two grounds: lack of jurisdiction for failure to properly serve process, and failure to state a cause of action. We will address the service of process issue first.

## I.

Our review of the record before us indicates that Hill attempted to begin this action by sending (via certified mail)

copies of his complaint, with instructions for service, to both the prothonotary and the sheriff. The prothonotary apparently lost the original complaint, but later was given a copy by defendant Thorne. The prothonotary did not forward a copy of the complaint to the sheriff for service. Meanwhile, the sheriff did not regard the complaint which Hill mailed directly to him as process which he was required to serve. Hence, original process was never served on defendant Thorne by the sheriff, as required by Pa.R.C.P. 400.

Hill argues that under Pa.R.C.P. 205.1, he could properly file his complaint and commence legal proceedings by sending copies to the prothonotary and sheriff by certified mail. It is not his fault, Hill contends, if the prothonotary refuses to forward copies to the sheriff, and the sheriff refuses to serve anything which doesn't come from the prothonotary. We agree.

Even if Hill's style of litigation might strike one as distasteful or annoying, he has a constitutional right to be heard in our courts. Article I, § 11 of the Pennsylvania Constitution provides:

All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

It is difficult to determine from the record before us exactly why Hill's complaint was never served by the Lycoming County Sheriff. The trial court's opinion merely tells us that "[t]he record does not show a return of service by the Sheriff." Hill provides us with bits of affidavits and testimony which support his contention that the prothonotary refused to forward any of his complaints to the sheriff, and the sheriff refused to serve anything not forwarded from the prothonotary. The record also discloses that the Lycoming County Sheriff never notified Hill of the success or failure of service, pursuant to Pa.R.C.P. 405(g). Hill has also provided us with returns of service from Centre and Mercer Counties, to show that he has had no problems getting process served there.

Finally, Hill argues that in the face of repeated inaction by the prothonotary and sheriff, he did the only reasonable thing: he served defendant Thorne directly by certified mail. Indeed, the record indicates that when the prothonotary lost Hill's complaint, Thorne produced a copy to replenish the prothonotary's files.

In its opinion, the trial court offered no response to Hill's contention that the sheriff consistently refused to serve process for him. Rather, the trial court opined that since Hill was proceeding *pro se,* he must be "encountering difficulties in mastering and complying with the Rules of Civil Procedure." Trial court opinion, 4/15/92 at 2. The trial court, without specifying precisely what procedural rules Hill disregarded, dismissed his complaint on this basis.

We are mindful of our caselaw holding that the service requirements of Pa.R.C.P. 400 be strictly followed. *See, e.g. Sharp v. Valley Forge Medical Center,* 422 Pa. 124, 221 A.2d 185 (1966). But our review of the record, such as it is, convinces us that Hill is quite familiar with our procedural rules, and has done everything he can to comply with them. We have held that untoward circumstances, such as interference by a third party which prevents delivery of process to the sheriff, can excuse a plaintiff from the strictures of Rule 400. *Sweet v. Ayres,* 277 Pa.Super. 236, 419 A.2d 749 (1980). Here, it appears that the prothonotary did not properly handle Hill's complaint by delivering it to the sheriff for service. When a constitutional right is at stake, we cannot avert our eyes to the apparent "untoward circumstances" which have prevented Hill from obtaining proper service of process.

At this point we might remand and order the sheriff to properly serve Hill's complaint, so as to bring Thorne into the trial court's jurisdiction. In some circumstances, however, interests of judicial economy allow us to "regard as done that which ought to have been done." *McCormick v. Northeastern Bank of Pennsylvania,* 522 Pa. 251, 254, n. 1, 561 A.2d 328, 330, n. 1 (1989). Here, defendant Thorne has received a copy of the complaint via certified mail, a practice which constitutes proper service in other circumstances. *See* Pa.R.C.P. 403. In

order to better secure a just, speedy and inexpensive determination in this action, we will regard Hill's personal service as satisfactory, since it is at most a technical defect of procedure which does not affect the substantial rights of the parties. *See* Pa.R.C.P. 126; Pa. Const. Art. I, § 11. We therefore reverse the trial court's order dismissing Hill's complaint for improper service.

## II.

It appears that the trial court, by reference to an earlier opinion, also bases its dismissal on Hill's failure to state a cause of action in his complaint. The notion of an indigent criminal defendant suing his court-appointed counsel for malpractice may strike us as impudent, but such a cause of action has been recognized by this Court. *Quick v. Swem,* 390 Pa.Super. 118, 568 A.2d 223 (1989) (convicted criminal defendant's suit against public defender for legal malpractice not barred by the Post Conviction Relief Act, 42 Pa.C.S.A. § 9542, *et seq.*).

In order to plead legal malpractice, Hill's complaint must allege the three necessary elements of this cause of action: "(1) the employment of the attorney or other basis for a duty on the part of the attorney; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) negligence by the attorney which was the proximate cause of damage to the plaintiff." *Quick, supra,* at 121, 568 A.2d at 224 (citations omitted).[1] Where these allegations are adequately set forth, a *pro se* complaint will not be dismissed just because it is not artfully drafted. *See ei bon ee baya ghananee v. Black,* 350 Pa.Super. 134, 504 A.2d 281 (1986). Any doubts about sustaining preliminary objections in the nature of a demurrer should be resolved in favor of overruling the demurrer. *Id.* at 138–39, 504 A.2d at 283.

---

1. Our Supreme Court has recently changed the requirements for pleading legal malpractice against a criminal defense attorney. *See Bailey v. Tucker, infra.* Our present task, however, is to determine if Hill's complaint was properly dismissed under the pleading standard then in effect.

■ We have obtained a copy of Hill's handwritten complaint in this matter, and we must disagree with the trial court's summary conclusion that it fails to state a cause of action. Unlike Hill's other court papers which have come before us, this complaint is organized, polite, understandable and thorough. Hill devotes one section to each of the three elements of his malpractice claim. Most of the factual allegations are supported by citations to earlier court documents and transcripts. Some of Hill's claims sound vague or mysterious, but Hill presents several straightforward claims which, if proven true, would establish a claim for legal malpractice.

The best evidence that Hill has stated a cognizable claim in his complaint is the complaint itself:

### LEGAL MALPRACTICE COMPLAINT

I, Jeffrey D. Hill, the plaintiff in the above-captioned matter, respectfully present the following in my legal malpractice action against the defendant, attorney Ralph W. Thorne:

1. Attorney Ralph W. "Pat" Thorne was ordered by the Pa.Supreme Court–MD at the end of January 1989 to file a brief on my behalf for 1988 Pa.Supreme Court–MD# 28 Appeal Docket by the beginning of March 1989. He was my court-appointed appellate counsel for the 1988 Pa.Supreme Court–MD–# 28 Appeal Docket.

Hill thus satisfies the first element of a malpractice claim, by alleging that defendant Thorne had a legal duty to represent him. The complaint continues:

2. Attorney Ralph W. "Pat" Thorne failed to exercise ordinary skill & knowledge possessed by an average attorney in his representation of me in 1988 Pa.Supreme Court–MD# 28 Appeal Docket.

A. He failed to thoroughly review the stewardship of his predecessors & raise all instances of ineffectiveness of prior counsel (trial & appellate).

B.   He failed to raise issues of arguable merit along with the ineffectiveness of trial and 1st appellate counsel for failing to pursue these issues of arguable merit

At this point, Hill sets forth more than ten specific allegations, organized into categories.  Some of the factual allegations are difficult to understand, but others, such as Thorne's failure to challenge allegedly perjured testimony, are clear and supported by citations to trial transcripts.  Hill also alleges some very specific legal omissions, the most central being Thorne's failure to object to testimony under the "Incontrovertible Physical Facts Rule of Evidence." [2]  Hill has thus satisfied the second element of a legal malpractice claim: specifically alleging how his attorney failed to exercise ordinary skill and knowledge.

Finally, Hill alleges in his third section that Thorne's failure to get his case dismissed for the above reasons "has resulted in my prolonged incarceration & irreversible harm to my reputation as well as my wrongful imprisonment" ... and "mental, physical, & psychological harm & suffering to me." Hill thus satisfies the third element of a legal malpractice claim: that his attorney's negligence has proximately caused him damages.

We must disagree with the trial court that Hill's complaint is too vague and disorganized to state a cause of action.  On the contrary, Hill's complaint is both concise and highly specific, and alleges all the elements which at that time were

2.   *See* Maurice H. Brown, *Pennsylvania Evidence, A Handbook* (1949) at 8.  The rule states that a jury will not be permitted "to find as a fact that which is contradicted by the incontrovertible physical facts and hence cannot be true."  Hill alleges that testimony about his altercation at the Muncy Post Office which resulted in his arrest and conviction (and for which Thorne was representing him on appeal) was physically inconsistent with the layout of the Post Office vestibule doors.  Hill argues that Thorne should have used this evidentiary rule to get his case dismissed, or at least to get a special jury charge.  Had Thorne done so, Hill argues, the testimony of the Commonwealth's chief witness would have been stricken, or at least called into doubt, and Hill would not have been falsely convicted and imprisoned for a crime he alleges was a frame-up.  Hill thus satisfies the requirement that the negligence alleged be the proximate cause of the plaintiff's injuries.  *See Ibn–Sadiika v. Riester*, 380 Pa.Super. 397, 551 A.2d 1112 (1988).

necessary to state a claim for legal malpractice. This Court has allowed far more imprecise complaints to survive a demurrer. *See ei bon ee baya ghananee, supra.* The order dismissing Hill's complaint for these reasons must therefore be reversed, and Hill's action must be remanded for further proceedings.

## III.

■ We note that our Supreme Court has recently changed the requirements for pleading a legal malpractice claim against one's criminal defense counsel. *Bailey v. Tucker,* 533 Pa. 237, 621 A.2d 108 (1993). Now, in order to bring a malpractice action against his defense attorney, a criminal defendant/plaintiff must establish the following elements: (1) the employment of the attorney; (2) reckless or wanton disregard of the defendant/plaintiff's interest by the attorney; (3) but for the attorney's conduct, the defendant/plaintiff would have obtained an acquittal or a complete dismissal of the charges; (4) as a result of this failure to acquit or dismiss, the criminal defendant/plaintiff suffered damages; and, (5) defendant/plaintiff has pursued post-trial remedies and obtained relief based upon the attorney's error. *Id.* at 250–51, 621 A.2d at 115.[3]

■ A new rule of law, such as the new pleading requirements announced in *Bailey, supra,* normally applies retroactively, though the choice is one of judicial discretion and must be made on a case-by-case basis. *See Blackwell v. Commonwealth State Ethics Commission,* 527 Pa. 172, 183, 589 A.2d 1094, 1099 (1991). In determining retroactivity, we are to consider (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect on the

3. To avoid statute of limitations problems, trial courts are directed to reserve their rulings on a defense attorney's demurrer until the criminal defendant/plaintiff's post-conviction proceedings have been resolved. *Id.,* n. 13. Even if the criminal defendant/plaintiff does establish ineffective assistance of counsel through the post-trial remedy process, this is not enough in itself to establish the requisite level of culpable conduct now required for a malpractice action. *Id.,* n. 14.

administration of justice by the retroactive application of the new rule. *Id.*

The new, more rigorous pleading requirements of *Bailey* are designed to serve numerous purposes. By reducing the threat of subsequent malpractice liability, criminal defense attorneys will be better able to represent their clients fearlessly and independently; they will be less likely to compromise their professional judgment and cater to their clients' potentially unwise demands. Qualified and capable attorneys will not be discouraged from engaging in criminal defense work. Also, public policy should not allow an actually guilty defendant to profit from his crime by attacking peripherally negligent aspects of his defense attorney's performance. The heightened pleading standards also discourage frivolous litigation, while leaving intact the criminal defendant's access to other systemic remedies, such as appeals and post-conviction proceedings. *See Bailey, supra* 533 Pa. at 245–48, 621 A.2d at 112–13.

At least some of these purposes will be well served by applying the new *Bailey* standard to the present case. Also, by allowing Hill the opportunity to amend his complaint upon remand, he will not be prejudiced by his previous reliance on the older pleading standard. Nor will the administration of justice be unduly burdened by retroactive application of the new *Bailey* standard, since we are remanding for further proceedings in this case. Therefore, in accordance with our general policy that new appellate rules of law should be applied retroactively, and after considering the specifics of the case before us, we choose to apply the pleading requirements set forth in *Bailey* to the present case.

The order dismissing Hill's complaint is reversed, and this case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.