J-S13036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAY V. YUNIK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RENEE YUNIK | |
| Appellee | No. 1505 WDA 2014 |

Appeal from the Order entered August 12, 2014
In the Court of Common Pleas of Crawford County
Civil Division at No: A.D. 2014-541

BEFORE:  BENDER, P.J.E., MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 27, 2015**

Appellant, Jay V. Yunik, appeals *pro se* from the August 12, 2014 order entered in the Court of Common Pleas of Crawford County, denying his petition to proceed *in forma pauperis* and dismissing his case pursuant to Pa.R.C.P. 240(j)(1).[1]  Following review, we affirm.

---

[1] Pa.R.C.P. 240(j)(1) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

***Id.***

In his complaint filed before a Crawford County magisterial district judge, Appellant sought damages in the amount of $500 based upon the following claim:

> On or about August of 2009, [Appellee] and her deceased husband Bryce Yunik agreed to a verbal contract, wherein they would hold [Appellant's] 18 speed peddle [*sic*] mountain bike until [Appellant] requested said bike. [Appellee] now refuses to return [Appellant's] bike, in violation of Pa.C.S. Section 3921 theft by unlawful taking. [Appellant] demands return of his bike or else value thereof of $500.00.

Complaint, 5/2/14.

Following the district judge's entry of judgment in favor of Appellee on June 20, 2014, Appellant filed a *pro se* notice of appeal to the Court of Common Pleas of Crawford County[2] and a petition to proceed *in forma pauperis*. The trial court dismissed the action by order entered August 12, 2014, in which the trial court explained:

> [T]he [c]ourt has received and reviewed [Appellant's] Petition to Proceed in Forma Pauperis in [his] appeal from the judgment of the Magisterial District Judge, and while satisfied [Appellant] is indigent, nevertheless notes that this is [the] fourth proceeding in which he has sought the return of his "18 speed peddle mount bike," or the value thereof, from his son's widow, [Appellee]. The first action, filed at Case No. AD 2012-5, was voluntarily

---

[2] The notice of appeal reflects the district judge rendered judgment on June 20, 2014. The Crawford County Common Pleas docket indicates the appeal was docketed on August 4, 2014, more than 30 days after entry of the judgment. We cannot ascertain from the record before us when notice of the judgment was served on Appellant or whether or not the appeal was timely filed. However, because the trial court did not address the issue and because we have no information to support a finding the appeal was untimely filed, we shall proceed under the assumption it was timely filed.

dismissed by [Appellant]. He also moved to discontinue the second action, filed at Case No. AD 2012-1162, although a judgment of non-pros had already been entered for his failure to pay the filing fee. The third action, filed at Case No. 2013-98, was dismissed for failure to properly serve [Appellee].

The present action seems primarily intended to harass [Appellee], with the multiple items of personal property he sought to recover at Case Nos. AD 2013-433 and 2013-1162 now becoming the objects of individual suits. **See** Cases Nos. AD 2013-433 and AD 2013-593 (Yamaha boat motor); Case No. AD 2014-185 (Stihl chainsaw). [Appellant] contends that [Appellee's] refusal to return the bicycle – useless to him while he remains incarcerated – violated Section 3921 of the Criminal Code (theft by unlawful taking or disposition). The mere allegation of a theft offense will not support a civil suit.

Moreover, more than two years have passed since [Appellee] allegedly refused to return the bicycle, as [Appellant] made the same allegation in his complaint filed on January 4, 2012 at Case No. AD 2012-5. An action for specific recovery of personal property is barred by the two year statute of limitations. 42 Pa.C.S. § 5524(3). In addition, no consideration is alleged for [Appellee] and her late husband to have orally contracted to "hold the [bicycle] until [Appellant] requested said bike." **See, e.g., Utility Appliance Corporation v. Kuhns**, 393 Pa. 414, 143 A.2d 35 (1958) (oral contract that lacked consideration was unenforceable). Storage fees would offset if not equal the bicycle's claimed value.

As President Judge Vardaro noted in dismissing [Appellant's] action filed at Case No. AD 2013-433, "not only in this litigation involving [Appellee], but in numerous other litigation he has continued to burden this [c]ourt with his repetitive filings and at some point it must stop." Order of July 23, 2013, p. 2. We do not think that [Appellee] should likewise be burdened with further defending against another, apparently time-barred suit founded upon an alleged criminal violation having no prosecutorial merit.

The [c]ourt is accordingly satisfied that the appeal from the magisterial district judgment is frivolous, and hereby DISMISSES the action pursuant to Pa.R.C.P. 240(j)(1).

Trial Court Order, 8/13/14, at 1-2 (footnotes omitted).

In his timely appeal to this Court, Appellant raises three issues, which we have reordered for ease of discussion:

    I.     Did the lower court order violate Appellant's due process, equal protections, and intent of legislature?

    II.    Did the lower court judge misrepresent the truth claiming bar of case, due to statute of limitations?

    III.   Was lower court judge order, by definition, legally frivolous?

Appellant's Brief at 1.

Although Appellant submits that this Court's scope of review is "plenary" and our standard of review is "de novo," *id.* at iii, this Court has explained:

> Our review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. Rule 240 provides for a procedure by which a person who is without the financial resources to pay the costs of litigation may proceed [in forma pauperis]. The obligation of the trial court when a party seeks to proceed under Rule 240 is as follows:
>
> > (j) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.
>
> Pa.R.C.P. 240(j). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" *Id.* at Note (quoting *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). Under Rule 240(j),

- 4 -

an action is frivolous "if, on its face, it does not set forth a valid cause of action." **McGriff** [**v. Vidovich**, 699 A.2d 797, 799 (Pa. Cmwlth. 1997),] (citing **Keller v. Kinsley**, 415 Pa. Super. 366, 609 A.2d 567 (1992)). As we review [appellant's] complaint for validity under Rule 240, we are mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted. **Hill v. Thorne**, 430 Pa. Super. 551, 635 A.2d 186 (1993).

**Ocasio v. Prison Health Services**, 979 A.2d 352, 354 (Pa. Super. 2009) (some citations omitted).[3]

We first consider whether the trial court's ruling violated any of Appellant's constitutional rights, including due process or equal protection as Appellant suggests in his first issue. We find no violation. The trial court determined Appellant's action was frivolous, *i.e.*, "on its face, it does not set forth a valid cause of action." **Ocasio**, 979 A.2d at 354 (citation omitted). The trial court offered three grounds for that finding: basing a civil suit on a criminal offense; failing to file within the two-year statute of limitations for recovery of personal property; and asserting breach of an oral contract not supported by consideration. Any one of those three grounds supports the trial court's conclusion that Appellant failed to set forth a valid cause of action and, therefore, his action is frivolous. "No litigant, indigent prisoner or otherwise, is permitted to prosecute a lawsuit which fails to state a claim upon which relief may be granted. The United States Supreme Court stated,

---

[3] Pa.R.C.P. 240(j) was amended in 2012, designating the text of former subsection (j) as (j)(1) and adding subsection (j)(2) for cases initiated by writ of summons.

'[d]epriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of . . . sanctions.'" ***Jae v. Good***, 946 A.2d 802, 809 n.14 (Pa. Cmwlth. 2008) (quoting ***Lewis v. Casey***, 518 U.S. 343, 353 n.3 (1996)). Appellant has not been deprived of any constitutional rights by virtue of the trial court's dismissal of his frivolous claims. Appellant's first issue fails.

Continuing with our review of the order in accordance with ***Ocasio***, we likewise conclude the trial court neither committed error of law nor abused its discretion in dismissing Appellant's case. Appellant's civil complaint sought return of his mountain bike or, alternatively, damages in the amount of $500 for an alleged violation of a criminal statute, *i.e.*, 18 Pa.C.S.A. § 3921 (theft by unlawful taking). Appellant acknowledges that Appellee and her late husband, Appellant's son, have possessed the bike since shortly after Appellant's divorce settlement in September 2009. Appellant's Brief at 2. Appellant asserts that "[o]n or about October 1, 2011, Appellant['s] son, Bryce, died apparently of a suicide, per state police, contradicted by compelling evidence that [Appellee], more-in-likely [*sic*], contracted out the murder of Bryce." ***Id.*** Appellant requested return of his bike shortly of his son's death but Appellee "nefariously refused to return" it. ***Id.***

The trial court recognized the mountain bike in question was also the subject of an action filed by Appellant against Appellee in January of 2012, more than two years prior to the filing of the action giving rise to this

appeal. Trial Court Order, 8/13/14, at 2. Appellant admits he filed various actions, including the January 2012 suit, in his attempt to obtain possession of the bike. Appellant's Brief at 2. Because his cause of action arose no later than January 2012, his current claim—filed on May 2, 2014—was barred by the two-year statute of limitations, 42 Pa.C.S.A. § 5524(3), and the trial court did not commit error of law in so finding.[4]

Further, the trial court concluded that no consideration was alleged to support a claim for breach of an oral contract. Trial Court Order, 8/12/14, at 2 (citing **Utility Appliance** for the proposition that oral contract that lacked consideration was unenforceable)). As this Court has recognized:

> "A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." **Corestates Bank, N.A. v. Cutillo**, 723 A.2d 1053, 1058 (Pa. Super. 1999). While not every term of a contract must be stated in complete detail, every element must be specifically pleaded. **Id.** at 1058. Clarity is particularly important where an oral contract is alleged. **Snaith v. Snaith**, 422 A.2d 1379, 1382 (Pa. Super. 1980).

* * *

---

[4] In his second issue, Appellant suggests the trial court "misrepresented the truth" and is attempting to mislead this Court by finding the statute of limitations "began with Case AD 2012-5," filed on January 4, 2012. Appellant's Brief at 4. As explained herein, even though the exact date of the "refusal" to return the bike is unknown, it clearly occurred no later than January 4, 2012 when Appellant brought suit based upon that refusal. More than two years elapsed before the instant action was filed on May 2, 2014. Appellant's second issue fails for lack of merit.

> It is axiomatic that consideration is "an essential element of an enforceable contract." ***Stelmack v. Glen Alden Coal Co.***, 14 A.2d 127, 128 (Pa. 1940). ***See also Weavertown Transport Leasing, Inc. v. Moran***, 834 A.2d 1169, 1172 (Pa. Super. 2003) (stating, "[a] contract is formed when the parties to it (1) reach a mutual understanding, (2) exchange consideration and (3) delineate the terms of their bargain with sufficient clarity."). "Consideration consists of a benefit to the promisor or a detriment to the promiser. ***Weavertown***, 834 A.2d at 1172 (citing ***Stelmack***). "Consideration must actually be bargained for as the exchange for the promise." ***Stelmack***, 14 A.2d at 129.

***Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pa.***, 895 A.2d 595, 600 (Pa. Super. 2006) (parallel citations omitted). We find no error in the trial court's conclusion that any alleged contract failed for lack of consideration.

Because Appellant's claim is barred by the statute of limitations and because Appellant does not suggest any consideration to support an oral contract, Appellant's claims lack any arguable basis either in law or in fact and, on their face, fail to set forth a valid cause of action. Having concluded Appellant's constitutional rights have not been violated and because the trial court neither committed error of law nor abused its discretion, we find that the trial court appropriately dismissed Appellant's action as frivolous pursuant to Pa.R.C.P. 240(j)(1). Therefore, we affirm.

Order affirmed.[5]

---

[5] Although not specifically addressed herein, we reject as meritless Appellant's third issue, contending that the trial court's order was "by

*(Footnote Continued Next Page)*

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/27/2015

---

*(Footnote Continued)* ──────────────

definition, frivolous."  Appellant's Brief at 1.  Not only has Appellant failed to support his argument with any applicable case law, but also we have stated herein that the trial court's order appropriately dismissed Appellant's action.