J-S65040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FRANCISCO PEREZ | IN THE SUPERIOR COURT |
| | OF PENNSYLVANIA |
| Appellant | |
| | |
| v. | |
| | |
| LOUIS R. RIZZUTO, ESQUIRE | |
| | |
| Appellee | No. 30 MDA 2018 |

Appeal from the Order Entered December 21, 2017
In the Court of Common Pleas of Berks County
Civil Division at No: 17-14528

BEFORE:  SHOGAN, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 29, 2019**

Appellant, Francisco Perez, appeals *pro se* from the December 21, 2017 order sustaining the preliminary objections of Appellee, Louis R. Rizzuto, Esquire, and dismissing Appellant's complaint with prejudice.  We reverse and remand.

Appellant, proceeding *pro se*, initiated this action in July of 2017 with a complaint alleging, among other things, breach of contract.  Appellant alleges he was detained in New Jersey by New Jersey State Police in 1989.  He further alleges that the New Jersey State Police confiscated $50,000.00 from him on that occasion and provided him a receipt.  Appellant claims he hired Appellee to recover that money for him, and that Appellee successfully recovered $43,000.00 on Appellant's behalf and kept it.  Appellant alleges that he compensated Appellee for his services.  After Appellee filed preliminary

objections, Appellant filed an amended complaint, apparently without leave of court. Appellee did not object to the amended complaint on that basis, and filed a motion asking the trial court to apply his prior preliminary objections to the amended complaint. The trial court did so. Ultimately, the trial court found the preliminary objections to be dispositive of either complaint. Upon review, we conclude the trial court erred because Appellant's original and amended complaints both stated a cause of action for breach of contract.

On review of an order sustaining preliminary objections, we must accept all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts. **Stoloff v. Nieman Marcus Grp., Inc.**, 24 A.3d 366, 369 (Pa. Super. 2011) (quoting **Ellenbogen v. PNC Bank, N.A.**, 731 A.2d 175, 181 (Pa. Super. 1999)). An order sustaining preliminary objections, where that order results in dismissal of the entire lawsuit, is appropriate only in cases that are free and clear from doubt. **Id.** "To be free and clear from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections." **Id.** This Court reviews the trial court's order for abuse of discretion or error of law. For a breach of contact claim, the plaintiff must plead "(1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." **McCabe v. Maywood Univ.**, 166 A.3d 1257, 1262 (Pa. Super. 2017).

In sustaining Appellee's objection for failure to state a claim and lack of specificity, the trial court wrote that it was "generally unclear what arrangement [Appellant] had with [Appellee] regarding the confiscated funds[,]" and that Appellant failed to comply with Pa.R.C.P. No. 1019(h)[1] by failing to specify whether the agreement was oral or written. Trial Court Opinion, 8/9/18, at 6. The trial court also criticized Appellant for failing to attach correspondence that Appellant referenced in his complaint.[2] *Id.* at 5-6. We conclude the trial court held Appellant's complaint to a much more stringent standard than is appropriate for preliminary objections.

Considering all well-pled facts and reasonable inferences to be drawn therefrom, Appellant alleged (1) that Appellee agreed to retrieve money from the New Jersey State Police on Appellant's behalf; (2) that Appellee was compensated for providing that service; (3) that Appellee retrieved $43,000.00 on Appellant's behalf pursuant to the parties' agreement; and (4) that Appellee kept the $43,000.00 in breach of the parties' agreement. In our

---

[1] "When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written." Pa.R.C.P. No. 1019(h).

[2] The trial court also noted an action Appellant filed twenty years ago based upon the same allegations. The trial court did not deem that action a sufficient basis for sustaining Appellee's preliminary objections. We agree, inasmuch as the facts of the prior action are not yet of record, and its existence has no bearing on whether Appellant has stated a claim and done so with sufficient specificity. The prior action, and any issue that arises from it, is not properly before us on review of an order sustaining preliminary objections.

view, those allegations are sufficiently specific to overcome Appellee's preliminary objections because they state a breach of contract claim.

In other words, Appellant alleged an agreement, its basic terms, Appellee's receipt of consideration, Appellee's breach, and $43,000.00 in damages. The pertinent facts are simple, and Appellee has alleged them with sufficient specificity, even if the complaint is not a model of clarity. *See, e.g. Hill v. Thomas*, 635 A.2d 186, 189 (Pa. Super. 1993) ("Where [the] allegations are adequately set forth, a *pro se* complaint will not be dismissed just because it is not artfully drafted."); *Moore v. McComsey*, 459 A.2d 841, 842 (Pa. Super. 1983) ("Although his *pro se* complaint was inartfully drafted, we are able to discern therefrom causes of action [....]"). All three elements of a breach of contract action are easily discernible from Appellant's allegations, and we perceive no reason why Appellee would be unable to prepare an appropriate defense. *See, e.g. Rambo v. Greene*, 906 A.2d 1232, 1236 (Pa. Super. 2006) ("The pertinent question under Rule 1028(a)(3) [governing insufficient specificity of a pleading] is "whether the complaint is sufficiently clear to enable the defendant to prepare his defense[.]"). Appellant's failure to attach correspondence referenced in his complaints does not support a different conclusion.

Concerning Rule 1019(h), the trial court correctly noted that Appellant does not specifically allege an oral agreement. Nonetheless, it is clear upon a fair reading of either complaint that Appellant is alleging an oral agreement.

- 4 -

He references correspondence and a power of attorney, but does not reference any written agreement regarding the terms of Appellee's legal services. We do not believe this technical defect was a sufficient basis for sustaining preliminary objections, much less dismissing the complaint with prejudice. A simple amendment would cure this defect.[3]

Finally, we reject the trial court's suggestion that Appellant has waived all his issues because his Pa.R.A.P. 1925(b) statement was vague. Trial Court Opinion, 8/9/18, at 4. As the trial court concedes in its opinion, its order sustaining Appellee's preliminary objections was unaccompanied by any explanation of the court's reasoning. *Id.* Thus, Appellant was forced to file his Pa.R.A.P. 1925(b) statement without knowledge of the trial court's reasons for entering the order. Despite the resulting vague concise statement, the trial court prepared an opinion correctly anticipating the substance of Appellant's argument. In **Commonwealth v. Poncala**, 915 A.2d 97 (Pa. Super. 2006), **appeal denied**, 932 A.2d 1287 (Pa. 2007), this Court wrote that "if the appellant has no way to anticipate the court's rationale for its

---

[3] Rule of Civil Procedure 1033, governing amendment, has been amended several times in recent years, but its policy has always been to ensure that parties have their cases decided on the merits rather than legal formalities. **Hill v. Ofalt**, 85 A.3d 540, 557 (Pa. Super. 2014). "Even where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend […] where there is **some reasonable possibility** that amendment can be accomplished successfully. **Id.** (quoting **In re Estate of Luongo**, 823 A.2d 942, 969 (Pa. Super. 2003), **appeal denied**, 847 A.2d 1287 (Pa. 2003)) (emphasis from **Luongo**).

decision, the appellant's Rule 1925(b) statement will of necessity challenge the court's ruling in terms based on the available information." *Id.* at 100. "We do not require an appellant to guess what the trial court was thinking, and we will not penalize an appellant for failing to include in his concise statement an issue that he could not have known of until he read the trial court's Pa.R.A.P. 1925(a) opinion." *Id.* Given the circumstances of this case and the applicable law, we will not conclude that Appellant's vague concise statement resulted in waiver.

In light of the foregoing, we conclude the trial court committed an error of law in sustaining Appellee's preliminary objections, and we reverse the order and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2019