IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. Koehler, Jr.,                            :
                         Appellant              :
                                                 :
            v.                                    :
                                                 :    No. 212 C.D. 2024
Dawn Close                                       :    Submitted: August 8, 2025

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                          FILED: September 29, 2025


            John J. Koehler, Jr. (Appellant) appeals *pro se* from the August 8, 2023
order of the Court of Common Pleas of Bradford County (Trial Court) that
dismissed, with prejudice, Appellant's Complaint.  On review, we affirm the Trial
Court's order.


                    **I. Background and Procedure**

            On July 27, 2023, Appellant filed his Complaint alleging that he has
suffered "mental and emotional distress" and an assortment of "fears" related to an
allegation that Dawn Close, the Bradford County Clerk of Courts (Clerk of Courts),
"assigned a civil attorney from Philadelphia to [Appellant's] capital case, which is
against Senior Judge Smith's court order of August 13, 2021."  *See* Complaint at 2
(pagination supplied).  The Complaint alleges that the Clerk of Courts is thereby
interfering with Appellant's access to the courts.  Appellant seeks compensatory and
punitive damages for such alleged interference.  *See* Complaint at 2-3.  Together

with the Complaint, Appellant filed a Petition and Affidavit for Leave to Proceed *In Forma Pauperis*. *See* Petition and Affidavit for Leave to Proceed *In Forma Pauperis* received July 27, 2023 (IFP Petition).

On August 8, 2023, the Trial Court dismissed the Complaint as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1), which permits courts to dismiss frivolous actions filed simultaneously with *in forma pauperis* petitions. *See* Trial Court Order dated August 8, 2023 (Trial Court Order). In dismissing the Complaint, the Trial Court explained:

> 2. A review of the record of [Appellant's] "capital case," *i.e.*, 08CR0000309-1995, since August 13, 2021, reveals that [Appellant], at his alleged address, has been copied with all three of the orders issued by the [Trial C]ourt since August 13, 2021, and that [Appellant] in fact responded to one of those orders, *i.e.*, the Court's Notice of Intent to Dismiss dated January 13, 2022, belying [Appellant's] claim that the Clerk of Courts is not mailing him court orders.
>
> 3. Additionally, there is nothing in the record since August 13, 2021, to support [Appellant's] contention that he has been "assigned a civil attorney from Philadelphia" or that [the Clerk of Courts], individually or as the Clerk of Courts, had anything to do with assigning him any such attorney. As [Appellant] suggests, [the Clerk of Courts] has no authority to do such a thing.

Trial Court Order at 1. Ultimately, the Trial Court concluded that "[t]he Complaint filed by [Appellant] is frivolous both as to its allegations of fact and as to its claims for relief under the law[,]" and dismissed the action. *Id.* at 2.

Appellant timely appealed the Trial Court Order to this Court. *See* Notice of Appeal dated August 28, 2023.[1]

## II. Issues on Appeal[2]

To the extent his claims are discernable,[3] on appeal, Appellant contests the Trial Court's findings regarding his receipt of orders from the Trial Court in his

---

[1] The Notice of Appeal was dated August 28, 2023, and was time-stamped as received August 31, 2023. *See* Notice of Appeal at 1. The appeal is timely by either date. *See* Pa.R.A.P. 903 (providing 30 days after the entry of the appealed order during which to appeal).

[2] "Appellate review of a decision dismissing an action pursuant to Pa.R.C[iv].P. No. 240(j)(1) is limited to determining whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

[3] Appellant lists his issues on appeal thusly:

> 1) Whether the [Trial] Court is accurate that [Appellant] has received all orders after August 13, 2021[.]
>
> 2) Whether the [Trial] Court is accurate stating "there is nothing in the record[.]"
>
> 3) Who put Mrs. Larin Esq. on the docket as [Appellant's] attorney of record[?]

Appellant's Br. at 2, Statement of Question[s] Involved. The Argument section of Appellant's brief states, in its entirety:

> The [Trial] Court err[ed] in stating "a review of the record" "has been copied with all three orders issued by the court since August 13, 2021[,]" [Appellant] has not signed for all of them.
>
> [Appellant's] docket states that Mrs. Larin Esq. is the attorney of record for [Appellant] in his capital case.

3

capital case and objects to his former attorney[4] receiving notice of Trial Court orders in the action because he represents himself *pro se* in that matter.  *See* Appellant's Br. at 2-4.

> The Clerk of Court[s] is the person who keeps the case file and keeps the docket.
>
> The only way for Mrs. Larin Esq. to be listed as [Appellant's] attorney of record on the docket is by the Clerk of Court[s].
>
> There is no reason for Mr[s]. Larin Esq. to receive any court orders from the Common Pleas Court of Bradford County.
>
> Mrs. Larin Esq. has received every court or[]der from Bradford County Court of Common Pleas from August 13, 2021[,] until the writing of this appeal.
>
> [Appellant] has not received all orders from the Bradford County Court of Common Pleas.
>
> [Appellant] received the notice of dismiss from Mrs. Larin Esq. through Mrs. McLachlan who is a paralegal and not from the Bradford County Court of Common Pleas.

Appellant's Br. at 3-4.

[4] Regarding Appellant's former attorney, the Trial Court explained:

> As a matter of record, in [Appellant's] capital case, while it appears true that an attorney from Philadelphia, *i.e.*, Elizabeth Lavin, Esq., did, at one point in time, represent [Appellant], she has not represented [Appellant] in any capacity in nearly a decade, and has not been employed as a public defender since 2013.  However, because Attorney Lavin continued to receive filings and orders, she filed a praecipe to withdraw.

Trial Court Opinion at 2 (internal quotation marks omitted).  The Trial Court continued, noting that "the docket in [Appellant's] capital case reveals that no attorney has been assigned to [Appellant] or has entered an appearance on his behalf since Senior Judge Smith granted [Appellant] *pro se* status on August 13, 2021[.]"  *Id.*

4

## III. Discussion

Pennsylvania Rule of Civil Procedure No. 240(j)(1) provides as follows:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. No. 240(j)(1). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" *Id.* at Note (*quoting Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Under Rule 240(j)(1), an action is frivolous "if, on its face, it does not set forth a valid cause of action." *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997). We observe, however, that "[w]here a *pro se* complainant's allegations are adequately set forth, they will not be dismissed just because they are not artfully drafted." *Borough of Coraopolis v. Papa* (Pa. Cmwlth., No. 233 C.D. 2022, filed Mar. 3, 2023),[5] slip op. at 3 n.3 (citing *Hill v. Thorne*, 635 A.2d 186, 189 (Pa. Super. 1993)).

Here, the Complaint purports to state a single claim against the Clerk of Courts for interfering with Appellant's access to the courts. Complaint at 2. As a factual basis for this claim, the Complaint alleges as follows:

> 8) On August 13, 2021[,] Senior Judge Smith awarded [Appellant] pro[ ]se status in his capital case.

---

[5] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

9) Since August 13, 2021[, Appellant] has not received any filings or court orders.

10) [The Clerk of Courts] has assigned a civil attorney from Philadelphia to [Appellant's] capital case, which is against Senior Judge Smith's court order of August 13, 2021.

11) [Appellant] can[]not file a mandamus in his capital case because of the civil attorney [the Clerk of Courts] has assigned to [Appellant's] capital case without authorization.

Complaint at 2. The Complaint then alleges the following purported injuries:

A) [Appellant] has suffered and will continue to suffer for an indefinite time into the future, because of the [Clerk of Court's] interfering with [Appellant's] access to the court.

B) Mental and emotional distress caused by the [Clerk of Courts] interfering with [Appellant's] access to the court.

C) Fear that the [Clerk of Courts] will not fix [Appellant's] court record.

D) Fear that the [Clerk of Courts] will keep assigning attorney[]s with[]out the Court's permission.

F) Fear that the [Clerk of Courts] still will not send any filing[]s or court orders to [Appellant].

Complaint at 2-3.

To the extent the Complaint purports to raise an access-to-courts claim against the Clerk of Courts, we have previously observed:

Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. This Court has explained that

> in order to state a cognizable claim for violation of the right to access to the courts, a prisoner must allege and offer proof that he suffered an actual injury to court access. . . . The Supreme Court has defined actual injury as the loss or rejection of a nonfrivolous legal claim regarding sentencing or the conditions of confinement.

> This Court also recognizes that due process requires that an inmate must be afforded access to the courts in order to challenge unlawful convictions and violations of his constitutional rights. Further, the complaint must describe the underlying arguable claim well enough to show that it is more than mere hope, and it must describe the lost remedy.

*Vasquez v. Dorta* (Pa. Cmwlth., No. 1468 C.D. 2021, filed April 11, 2023), slip op. at 7-8 (internal quotation marks, brackets, citations, emphasis, and footnote omitted). Accordingly, "[i]n order to survive dismissal of a complaint, a prisoner [alleging unconstitutional interference with access to the courts] must describe [the] underlying claim and explain why it possesses arguable merit." *Id.*, slip op. at 8 (citing *Nifas v. Sroka* (Pa. Cmwlth., No. 422 C.D. 2016, filed July 29, 2016), slip op. at 7) (internal brackets omitted).

Here, the Trial Court determined as follows:

> [Appellant] has failed to allege facts sufficient to establish any of the pleading requirements [of an access-to-courts-claim]. Initially, [Appellant] has failed to allege any actual injury related to the alleged interference to his access to the courts. While he claims, without support, that he is not receiving orders, he does not assert how this alleged

7

failure is denying him access to the courts. In fact, not only is [Appellant] pursuing remedies in his capital case, but he has now initiated a new action in civil court, undermining his claim of interference. Further, [Appellant] suggests his alleged failure to receive court orders is due to the fact that one of [Appellant's] prior attorneys continues to receive filings and orders from the Clerk of Courts. [Appellant's] suggestion that *because* Attorney Lavin was mailed filings by the Clerk of Courts, the Clerk of Courts failed to mail him orders does not logically follow, and is not only in conflict with the duties of the Clerk of Courts under the Rules of Criminal Procedure, but belied by the record of the case. *See* Order dated October 3, 2023, with attached orders and file copy recipient lists that identify [Appellant] as a recipient; *see also* Order dated August 8, 2023. Similarly, [Appellant] fails to explain the connection that he apparently believes exists between the alleged fact that [Appellant] was previously represented by counsel, his alleged failure to receive orders, and his claimed inability to pursue a mandamus action. *See* Complaint, par. 11. Even if [Appellant] had explained this connection, the fact his prior attorney withdrew from his capital case on January 9, 2023, would eliminate even any perceived (albeit fictional) obstacle to [Appellant's] ability to file a mandamus action. As [Appellant] himself alleges, Judge Smith *already* awarded [Appellant] *pro*[] *se* status in his capital case by Order dated August 13, 2021. *See* Order dated August 13, 2021. As a matter of record, [Appellant] has been representing himself since Senior Judge Smith's Order granted [Appellant's] request to proceed as a self-represented litigation. *Id.* Lastly, [Appellant] has failed to demonstrate the merit of the mandamus claim that he contends he has been prevented from filing.

Trial Court Opinion at 4-5 (emphasis in original; internal quotation marks omitted).

We find no abuse of discretion or error of law in the Trial Court's conclusion. The Complaint fails to allege how the Clerk of Courts purportedly

sending orders – the recipient lists of which indicate that Appellant also received a copy of each order – to his former counsel deprives him of access to the courts. Appellant's various fears described in the Complaint do not allege actual injury or further the description of the underlying arguable claim well enough to show that it is more than mere hope or even specify the nature of the hope. The Complaint neither alleges lost remedies nor describes how any underlying claims either exist or possess arguable merit. Accordingly, because the Complaint failed to assert a cognizable cause of action, the Trial Court did not err in dismissing the action.

## IV. Conclusion

For the reasons above, we affirm the Trial Court Order.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John J. Koehler, Jr., | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 212 C.D. 2024 |
| Dawn Close | : | |

# **O R D E R**

AND NOW, this 29th day of September, 2025, the August 8, 2023 order of the Court of Common Pleas of Bradford County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge