Tracy Whitaker,                :
          Appellant          :
                              :
         v.                    :
                              :
John E. Wetzel, T. Brokenshire,    :    No. 1650 C.D. 2016
Nancy Wilson and Vincent Mooney   :    Submitted: January 27, 2017


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge


OPINION
BY JUDGE COSGROVE                FILED: August 29, 2017


Tracy Whitaker (Appellant) appeals, *pro se*, from an Order of the Court of Common Pleas of Northumberland County (trial court), dismissing his civil complaint as frivolous pursuant to Pa. R.C.P. No. 240(j)(1) (pertaining to filing *in forma pauperis*). Upon review, we affirm.

## I. Background

Appellant is incarcerated at the State Correctional Institution at Coal Township (SCI-Coal Township). His family sent photographs to Photo Affections, a photograph printing company (Photo Affections), which was instructed to develop the photographs and forward them to him. (Certified Record (C.R.), Item No. 3 at 2.) When the photographs arrived at SCI-Coal Township, the mailroom supervisor confiscated them as unpermitted articles in contradiction of DC-ADM

803 policy (pertaining to incoming mail and incoming publications). (C.R., Item No. 3, Exhibit D.)

In its initial correspondence with Appellant (referred to as "Unacceptable Correspondence notice"), SCI-Coal Township notified him that the photographs were taken because Photo Affections is not an approved vendor. The institution also instructed Appellant to "send the [m]ailroom two (2) signed cash slips and an addressed envelope/label to return this unpermitted article [to Photo Affections]. **ALL** confiscated items will be held for 30 days and then be destroyed." (Emphasis in original.) (C.R., Item No. 3, Exhibit A.)

After receipt of the Unacceptable Correspondence notice, Appellant filed an inmate request to staff member (Inmate Request), objecting to confiscation of the photographs, and asserting that "an approved vender [sic] is not required by Pennsylvania Code 37 Pa Code §93.2 [pertaining to inmate correspondence] or DC-ADM 803(E.1.) at which such incoming correspondence shall not be considered for for [sic] outside purchase for the purpose of an approve [sic] vender [sic], see [DC-]ADM-803(E.1.a) [pertaining to inmate mail and incoming publications]." (C.R., Item No. 3, Exhibit B.) The institution's response to the Inmate Request stated: "Photo Affections are [sic] not permitted, not an approved vendor per DC-ADM 815."[1] *Id.*

Appellant thereafter filed an Official Inmate Grievance claiming that his family members used Photo Affections because it was convenient for them. (C.R., Item No. 3, Exhibit C.) Appellant also stated that DC-ADM 803 permits inmate possession of incoming photographs "where no criteria have been violated

---

[1] DC-ADM 815 pertains to personal property, state issued items, and commissary/outside purchases.

2

in accordance with DC-ADM 803." *Id.* at 1. Appellant further claimed SCI-Coal Township "failed to carry out the established procedures set forth in DC-ADM 803(E.2.f)[2] where all photographs [are] viewed against the criteria listed in Section E.3 [pertaining to review of photographs] and…review and notify…[the inmate] if the photographs meet the criteria of Section E.3, and deny or approve it's [sic] entry into the institution." *Id.* at 2.

SCI-Coal Township denied Appellant's Official Inmate Grievance in its Initial Review Response stating: "[a]ll mail is processed according to Policy DC-ADM 803. Photographs were received for you from a company named Photo Affections which is not an approved vendor; therefore they were denied." (C.R., Item No. 3, Exhibit D.)

Appellant filed an Appeal to Facility Grievance Manager asserting:

[DC-]ADM-815 Policy…may not be circumvented for the denial of photographs pursuant to [DC-]ADM-803 Section 3, E.1.a [pertaining to general procedures for incoming publications]…[t]he photographs [Appellant] received was in facts [sic] sent directly from the original source as required by [DC-]ADM-803, Sec. 3, E.1.b.c.e….However, the denial form/response by [the mailroom supervisor] confirms that Photo Affections is in fact a company, giving rise that the photographs was [sic] sent from an original source as required by [DC-]ADM-803, sec. 3, E.1.b.e.f.g. [Therefore, Appellant's] photographs must be permitted pursuant to [DC-]ADM-803 policy, sec. 3, E.1 where no violation of such criteria has been violated....

(C.R., Item No. 3, Exhibit E at 1-2.)

SCI-Coal Township filed its Facility Manager Appeal Response, and upheld the Initial Review Response stating: "[y]ou are interpreting the policy incorrectly…. Mailroom [s]upervisor is very good at what she does and the

---

[2] DC-ADM 803(E.2.f) does not exist within DC-ADM 803.

rejection of your photographs was in fact in accordance with policy." (C.R., Item No. 3, Exhibit F.)

Appellant then filed an Inmate Appeal to Final Review and objected to the Facility Manager Appeal Response upholding the Initial Review Response and the "circumvention of [Department] Policy, incorrectly denying [Appellant's] photographs that meets [sic] the criteria of incoming mail of Section 3 of [DC-] ADM 803." (C.R., Item No. 3, Exhibit G.)

In response, the Secretary of the Department of Corrections (Department) issued a Remand Grievance in order to allow SCI-Coal Township to "provide [Appellant] with a revised response." (C.R., Item No. 3, Exhibit H.) Thereafter SCI-Coal Township issued its Initial Review Response (Reissued Response) denying Appellant's grievance and stating, "prior to [this] remand, the Mailroom [at SCI-Coal Township] destroyed the photographs because you did not provide the cash slips within the 30 days as requested [as identified in the Unacceptable Correspondence notice]." (C.R., Item No. 3, Exhibit I.)

In his Inmate Appeal to Final Review to the Department [Office of Inmate Grievances & Appeals], Appellant asserted that the destruction of the photographs before the Department completed its final review of the matter is a violation of his rights under the United States and Pennsylvania Constitutions. (C.R., Item No. 3, Exhibit J at 1.)

In its response the Department, via the Office of Inmate Grievances & Appeals, upheld in part and denied in part Appellant's appeal. The Department found Appellant did, in fact, request SCI-Coal Township forward the photographs to him at the conclusion of the grievance process, but that SCI-Coal Township destroyed the photographs. The Department upheld that part of Appellant's

4

grievance because policy required the return of the photographs upon completion of the grievance. (C.R., Item No. 3, Exhibit K.) However, the response also found Appellant did not provide "two signed cash slips and an addressed envelope/label to return the unpermitted article" as requested by mailroom staff, which would have prevented "this issue." *Id.* The response held that the person who paid for the photographs must address any compensation request, and Appellant's family must address "any issues concerning the photo[graphs] with the institutional staff." *Id.*

Appellant thereafter filed his civil complaint with the trial court against Appellees alleging retention and destruction of his personal property violated his First, Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution, in conjunction with Article I, Sections 8 and 9 of the Pennsylvania Constitution and Article I, Section 9 of the United States Constitution. He also requested permission to proceed *in forma pauperis*. The trial court dismissed the matter as frivolous pursuant to Pa. R.C.P. No. 240(j)(1) citing lack of jurisdiction because Appellant improperly attempted to challenge the Department's grievance process. The trial court also dismissed the complaint for want of arguable legal grounds, stating

> the claims in [Appellant's] Complaint relate to the day-to-day operation of [an SCI], matters with which the courts will not interfere. "I[t] is well established that prison administrators must be afforded wide-ranging deference in adopting and carrying out policies that in their reasonable judgment are necessary to preserve order, discipline, and security." (Internal citation omitted.)

(C.R., Item No. 4.)

5

Appellant appealed to this Court. (C.R., Item No. 5.) In response, the trial court filed a Statement in Lieu of Formal Opinion in support of its order dismissing the appeal. (C.R., Item No. 9.)

## II. Issues

On appeal,[3] Appellant argues that the trial court violated his rights under the First and Fourteenth Amendments to the Constitution of the United States, and Article I, Section 11 of the Constitution of Pennsylvania because the Prothonotary of Northumberland County (Prothonotary) failed to forward Appellant's original and amended complaints to the Sheriff for service of process. Appellant also maintains the trial court erred in dismissing his civil complaint against Appellees for "the wanton destruction of [Appellant's] photographic property" in violation of his various constitutional rights. *See* Appellant's Brief at 17.

## III. Discussion

We can dispatch Appellant's first issue (relating to the failure to effect service of his complaint) in short order. When a litigant in a civil action seeks to proceed *in forma pauperis*, Pa. R.C.P. No. 240 permits a trial court to review the complaint before allowing the action to proceed. Pa. R.C.P. No. 240 provides, in pertinent part:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to

---

[3] Our scope of review of the trial court's order is plenary where the trial court dismisses a complaint *sua sponte* for failure to state a cause of action upon which relief may be granted. *Owens v. Shannon*, 808 A.2d 607, 609 n.5 (Pa. Cmwlth. 2002). Further, our scope of review is plenary when considering questions of law. *Phillips v. A–Best Products Co.*, 665 A.2d 1167, 1170 (Pa. 1995).

6

proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa. R.C.P. No. 240(j)(1).[4]

Thus, Pa. R.C.P. No. 240(j)(1) permits a court to dismiss a frivolous action when a petition to proceed *in forma pauperis* is simultaneously filed. The courts define a frivolous action or proceeding as one "lack[ing] an arguable basis either in law or fact." *Id.* at Note, citing *Neizke v. Williams*, 490 U.S. 319 (1989). An action is frivolous under Pa. R.C.P. No. 240(j)(1) if it fails, on its face, to state a valid cause of action. *Ocasio v. Prison Health Services*, 979 A.2d 352 (Pa. Super. 2009) (citation omitted).

Appellant claims the holding in *Hill v. Thorne*, 635 A.2d 186 (Pa. Super. 1993) is applicable to this case. In *Hill*, a criminal defendant filed a *pro se* complaint against his court-appointed attorney alleging legal malpractice. The trial court dismissed his complaint, and based its dismissal on two grounds: lack of jurisdiction for failure to properly serve process, and failure to state a cause of action. Hill appealed. Our Superior Court reversed the dismissal on the failure to serve grounds.[5] Noting that a remand to effectuate proper service was one

---

[4] Further, "a trial court may dismiss an inmate's action against prison officials 'at any time, including prior to **service** on the defendant, if the court determines' that the action 'is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.'" *Owens v. Commonwealth*, (Pa. Cmwlth. No. 2624 C.D. 2015, filed September 23, 2016), 2016 WL 5335684, at *2 (emphasis added). This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414 of the Commonwealth Court's Internal Operating Procedures. 69 Pa. Code § 69.414.

[5] The Superior Court recognized that while a malpractice claim in trespass against a criminal defense attorney is potentially viable, the burdens imposed on a plaintiff in such a case

7

possibility, the Court instead recognized that since the defendant had already received a copy of Hill's complaint by certified mail, it was proper, in the interests of justice, to "regard as done that which ought to have been done."

Appellant's reliance on *Hill*, however, is misplaced. In the present matter, unlike the decision in *Hill*, lack of jurisdiction for failure to serve did not form the basis, or factor at all, into the trial court's decision here to dismiss Appellant's complaint. As such, the trial court committed no error in this regard.

Appellant's second issue is an amalgam of claims which orbit the due process protections provided by the United States and Pennsylvania Constitutions.[6] In dismissing this matter, the court below correctly noted that Appellant's arguments relate to "internal prison regulation[s]", (Trial Court Statement in Lieu of Opinion, at 3), which are more properly left to oversight from branches other than the judiciary. Nevertheless, these regulations and their implementation are not exempt from review, and are as susceptible to due process requirements as any other governmental action.

---

are enormous, including the requirement that he or she prove actual innocence of the crime (and any lesser included offenses) upon which conviction occurred. *See Bailey v. Tucker,* 621 A.2d 108 (Pa. 1993).

[6] Throughout his brief, Appellant invokes the First, Fifth, and Fourteenth Amendments to the United States Constitution, as well as "Article I, Section 9 of both constitutions." Appellant's Brief at 17. While the Fifth Amendment to the United States Constitution is inapplicable to the states, its due process language is mirrored in the Fourteenth Amendment, which is aimed directly at state action. Regarding his state constitutional claims, "[t]he guarantee of due process, in Pennsylvania jurisprudence, emanates from a number of provisions of the Declaration of Rights, particularly Article I, Sections 1, 9, and 11 of the Pennsylvania Constitution." *Manor v. Dep't of Public Welfare*, 796 A.2d 1020, 1028 (Pa. Cmwlth. 2002). Appellant's citation to Article I, Section 9 of the United States Constitution is entirely misplaced, as that section imposes specific restrictions on Congress.

In this case, there are two distinct elements of due process at issue. As "[t]he constitutional right to due process is fully applicable in [administrative] proceedings," *Manor v. Department of Public Welfare*, 796 A.2d 1020, 1028 (Pa. Cmwlth. 2002), we must first examine the manner in which SCI-Coal Township addressed Appellant's claims. At its core, this procedural aspect of "fundamental due process rights [requires] notice and opportunity to be heard..." *Pennsylvania Bankers Association v. Pennsylvania Department of Banking*, 981 A.2d 975, 995 (Pa. Cmwlth. 2009). As the record indicates, this aspect of Appellant's due process rights was fully protected. He was advised of the reason the photographs were confiscated, he invoked the grievance mechanism available to inmates at the SCI, stated his claim, received a reply, pursued an administrative appeal, had the matter remanded for further consideration, again appealed and obtained a decision which recognized the error committed by prison personnel in the destruction of the photographs. Against this backdrop, there is no procedural impairment which gives rise to any claim Appellant advances in this regard.

The actual destruction of the photographs, however, raises a different element of due process concern. There is no question Appellant has a property interest in the photographs and their destruction presents a question as to whether the interference with that interest was proper. In his brief, Appellant claims that "a reasonable reading of his pleading" entitles him to relief given the violation of his "civil and constitutional rights" where Appellees acted "intentionally," "willfully," "wantonly," "unreasonably," and "unlawfully." (Appellant's Brief at 12-17.)

While prisoners obviously surrender a great many rights benefitting society at large, they remain entitled to possess undisturbed the property to which they are permitted in their confined setting, subject to the appropriate rules of the

9

penal institution. To the extent Appellant claims that the photographs were destroyed as a result of Appellees' intentional acts, these claims are properly dismissed. *Palmer v. Doe*, (Pa. Cmwlth. No. 2451 C.D. 2016, filed May 5, 2016)(unreported).[7] However, had Appellant alleged that Appellees acted negligently in protection of his property which was "in the prison officials' care, custody and control," he would "not [be] precluded from pursuing a claim" against them. *Palmer*.[8]

This is no small matter. Appellant has made incendiary allegations of extreme conduct by Appellees.[9] The SCI officials at issue may (or may not) have been negligent in doing their job, but Appellant's filings cannot be read as alleging anything but the most devious conduct on their part, and certainly cannot be seen as claiming that he is victim of their negligence. In proceeding in this way, Appellant has foregone his opportunity to pursue an avenue which may have otherwise been open to him.[10]

---

[7] As noted *supra*, an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent pursuant to Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a).

[8] Although we allowed Palmer's negligence claims to proceed, we upheld dismissal of "his apparent claim under 42 U.S.C. § 1983," as well as his "intentional tort claim" since it was "barred by sovereign immunity…" *Palmer*, slip op. at 6.

[9] For example, Appellant uses the words "wanton" or "wantonly" more than a half dozen times in this portion of his brief. In doing so, he invokes a definition which reflects anything but negligent or unintentional conduct on the part of Appellees. "Wanton: (of a cruel or violent action) deliberate and unprovoked." *See* English Oxford Living Dictionaries, available at https://en.oxforddictionaries.com/definition/wanton, (last viewed August 2, 2017).

[10] At this point, and as SCI-Coal Township acknowledges, any claim related to the destruction of the photographs lies with those who forwarded them to SCI. (C.R. Item No. 3, Exhibit K.)

10

## IV. Conclusion

In the context in which this litigation was pursued, the trial court properly addressed and dismissed the matter before it. For the foregoing reasons, the trial court's decision is affirmed.


_____
JOSEPH M. COSGROVE, Judge


Judge Covey concurs in the result only.

11

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tracy Whitaker,                               :
                    Appellant                 :
                                              :
            v.                                :
                                              :
John E. Wetzel, T. Brokenshire,               :     No. 1650 C.D. 2016
Nancy Wilson and Vincent Mooney              :

## O R D E R

AND NOW, this 29th day of August, 2017, the order of the Court of Common Pleas of Northumberland County is AFFIRMED.

_____
JOSEPH M. COSGROVE, Judge