## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Christopher Hammond, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 265 M.D. 2017 |
| | : | Submitted: December 1, 2017 |
| Pennsylvania Department of | : | |
| Corrections, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                                **FILED: February 14, 2018**

Petitioner, Christopher Hammond (Hammond), filed a petition for review in this Court's original jurisdiction, challenging the procedure employed by prison officials to review and disallow photographs sent to him. Before us for disposition are the preliminary objections of the Pennsylvania Department of Corrections (Department) to Hammond's petition. We sustain the Department's preliminary objections and dismiss the petition.

## I. Background

Hammond is incarcerated at the State Correctional Institution at Albion (SCI-Albion). In February 2017, the SCI-Albion Incoming Publications Review Committee issued a notice rejecting, on the basis of nudity, 162 incoming photographs directed to Hammond. Hammond filed an initial grievance pursuant to Department policy, arguing the photographs did not contain nudity. The SCI-Albion

Superintendent denied Hammond's grievance, ruling the photographs were sexually explicit. Hammond appealed the Superintendent's determination. The Department's Chief Grievance Officer denied Hammond's appeal, finding the photos violated Department policy DC-ADM 803.[1]

Hammond then filed a petition for review in this Court. Hammond alleged the Department's decision violated Department policy. He asserted that Department personnel "have been replacing DC-ADM 803 – as related to nudity and explicit sexual material – with individualized benchmarks of morality…." Pet. for Review at ¶21. He also contended the Department's procedure was unfair because it compelled "an inmate to properly argue on appeal reasons he should be awarded a rejected publication without being permitted to physically view the publication." Id. at ¶23. Hammond further asserted the Department's violation of its own policy violated his due process rights under the First and Fifth Amendments of the United States Constitution.

The Department filed preliminary objections in the nature of a demurrer to Hammond's petition. The Department submitted a timely brief in support of its preliminary objections. Hammond filed an answer to the preliminary objections, but failed to file a brief.

## II. Issues

The Department argues Hammond has no First Amendment right to possess pornography, and that the Pennsylvania Supreme Court has upheld DC-

---

[1] The Department also enacted the policy as a regulation, 37 Pa. Code §93.2.

ADM 803 against First Amendment challenges. The Department also argues Hammond has no liberty or property interest to trigger Fifth Amendment substantive due process rights, and the Department's grievance procedures offer all the process to which Hammond is entitled. The Department further asserts that its policies do not create any enforceable rights.

### III. Discussion

In ruling on preliminary objections, this Court accepts as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. Christ the King Manor v. Dep't of Pub. Welfare, 911 A.2d 624 (Pa. Cmwlth. 2006). However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. Id. For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. Id. Any doubt must be resolved in favor of the non-moving party. Id.

Although not cited by the Department, Shore v. Pennsylvania Department of Corrections, 168 A.3d 374 (Pa. Cmwlth. 2017), directly controls the outcome in this case. Shore also reached this Court through an original jurisdiction petition filed by an inmate of SCI-Albion. Shore alleged facts virtually identical to those in this case, except that fewer photographs were at issue. He also asserted essentially the same claims. He alleged constitutional due process violations under the First and Fourteenth Amendments. He also averred the same complaints regarding the Department's policy and implementation of its grievance procedure

3

that Hammond alleges here. Like Hammond, Shore sought a declarative judgment, money damages, and relief in mandamus.

The Department in <u>Shore</u> filed preliminary objections in the nature of a demurrer, as it did in this case. This Court's analysis in <u>Shore</u> is directly applicable here.

## A. First Amendment

As we explained in <u>Shore</u>, the Pennsylvania Supreme Court previously concluded DC-ADM 803-1 did not violate any First Amendment right. The Supreme Court found the Department's policy advanced legitimate penological interests and inmate treatment objectives of fostering rehabilitation, discouraging objectification of persons, and minimizing the risk of inappropriate sexual behavior. <u>Id.</u> (citing <u>Brittain v. Beard</u>, 974 A.2d 479 (Pa. 2009)).

This Court likewise upheld DC-ADM 803 and its regulation, 37 Pa. Code §93.2, against a previous First Amendment challenge. We concluded the policy was not overbroad or vague, and that the petitioner had to plead specific facts sufficient to undermine the Department's legitimate penological interests. <u>Shore</u> (citing <u>Smith v. Beard</u>, 26 A.3d 551 (Pa. Cmwlth. 2011)).

Here, Hammond based his First Amendment challenge on the same grounds asserted in <u>Brittain</u>, <u>Smith</u>, and <u>Shore</u>. Accordingly, we find Hammond likewise fails as a matter of law to plead a viable First Amendment violation.

**B. Fifth Amendment**

Hammond facially asserted his due process argument under the Fifth Amendment, rather than under the Fourteenth Amendment as the petitioner did in Shore. However, that is a distinction without a difference. As this Court explained in Whitaker v. Wetzel, 170 A.3d 568 (Pa. Cmwlth. 2017), the Fifth Amendment does not apply directly to the states, but rather, its due process requirement is applied to the states through the Fourteenth Amendment. Therefore, the due process discussion in Shore applies to this case; even though the petitioner in Shore cited the Fourteenth Amendment and Hammond cites the Fifth Amendment, both petitioners asserted the same rights.

When a prisoner alleges an official confiscated property in an unauthorized way, either negligently or intentionally, "due process requires only the existence of an adequate post-deprivation remedy because it is not feasible for a prison to provide a hearing prior to taking property that is perceived to be contraband or against prison regulations." Shore, 168 A.3d at 383. The Department's grievance process provides a sufficient post-deprivation remedy. Id.

Further, in order to plead a claim for a violation of federal rights, an inmate must exhaust the administrative grievance process. Id. This Court observed in Shore that the petitioner did not properly exhaust his remedies in the grievance process. He argued to this Court that he was not permitted to see the photographs at issue and therefore was hampered in making his arguments during the grievance process. However, the record did not indicate that he ever asked to view the photographs for that purpose during the grievance process. This Court stated,

5

"absent any prohibitory language in the policy, [the petitioner] can only speculate as to whether the Chief Grievance Officer would apply DC-ADM 804 to forbid him from viewing the photographs." Shore, 168 A.3d at 384. This Court explained that the petitioner could not argue that the grievance system provided inadequate process on the ground that he was not permitted to view the publications, if he never asked to review the photographs. Id. Because the policy is facially broad enough to allow an issue to be heard and relief to be granted, its "procedure is presumptively both meaningful and adequate." Id.

As in Shore, the record here does not reflect any request by Hammond to view the photographs at issue in order to prepare his argument during the grievance process. Therefore, as in Shore, Hammond here failed to plead a procedural defect based on his alleged inability to view the photographs.

### C. Court Review of Internal Grievance Procedure

Like Hammond in this case, the petitioner in Shore alleged the Department erred by determining that the photographs at issue depicted nudity. Although this was an averment of fact, it was insufficient to overcome the Department's preliminary objection. This Court found it lacked jurisdiction to review either the factual findings or the legal conclusions of the Department's Chief Grievance Officer. Id. Resolving grievances is a purely internal function of the Department, not subject to review by a court. Id. (citing Bronson v. Central Office Review Comm., 721 A.2d 357 (Pa. 1998)). Moreover, this is true whether the review is sought in an appeal or in this Court's original jurisdiction. Id. (citing Xavier v. Dep't of Corrections (Pa. Cmwlth., No. 331 M.D. 2016, filed February 8, 2017),

6

2017 Pa. Commw. Unpub. LEXIS 92 (unreported), aff'd per curiam (Pa., No. 14 MAP 2017, filed October 18, 2017), 2017 Pa. LEXIS 2469).

## IV. Conclusion

Based on the foregoing, we sustain the Department's preliminary objections. Like the petitioner in <u>Shore</u>, Hammond here did not seek leave to amend. Further, as we concluded in <u>Shore</u>, we conclude that any attempt by Hammond to amend his petition to cure its defects would be futile, in that Hammond cannot plead facts that would entitle him to any recovery against the Department. Therefore, we dismiss the petition, with prejudice.

_____

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Hammond,               :
              Petitioner               :
                                 :
          v.               :   No. 265 M.D. 2017
                                 :
Pennsylvania Department of               :
Corrections,               :
              Respondent               :

## **O R D E R**

**AND NOW**, this 14th day of  February, 2018, the preliminary objections of the Department of Corrections are sustained and the petition for review is **DISMISSED, WITH PREJUDICE**.

<br>

_____
ROBERT SIMPSON, Judge