IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Austin,                          :
                    Petitioner          :
                                        :
          v.                            :
                                        :
Pennsylvania Department                 :
of Corrections,                         :    No. 650 M.D. 2020
                    Respondent          :    Submitted: April 14, 2022

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: September 1, 2022

          Before the Court are preliminary objections filed by Respondent, the
Pennsylvania Department of Corrections (Department), in response to the *pro se*
petition for review (Petition) filed in this Court's original jurisdiction by Petitioner
Joseph Austin (Austin). Upon review, we sustain the Department's preliminary
objection asserting that this Court lacks subject matter jurisdiction over Austin's
claim and dismiss the Petition.

## I. Factual & Procedural Background

On December 4, 2020, Austin filed with this Court a "Notice of Intent to Initiate Civil Action" and a "Motion for Pre-Complaint Discovery."[1] On December 29, 2020, this Court issued a *per curiam* order directing Austin to properly commence his action by filing an original jurisdiction petition for review within 30 days. On January 27, 2021, Austin filed the Petition along with an *in forma pauperis* application that was granted.[2] The Petition consists of a copy of what appears to be Austin's January 25, 2020, appeal of a grievance from the determination of State Correctional Institution (SCI) Superintendent Capozza (Capozza), but no documentation indicating the further disposition of Austin's grievance by the Department has been provided to this Court. We will treat this filing as the substantive content of Austin's Petition.[3]

Relevant to this appeal, the beginning of Austin's Petition refers specifically to "Grievance 831647" and alleges that it was improperly dismissed as frivolous and in a biased manner. Petition at 1. The Petition then alleges that on September 24, 2019, Austin was placed in SCI-Fayette's Restricted Housing Unit (RHU). *Id.* On October 8, 2019, he was transferred from SCI-Fayette to SCI-Chester.[4] *Id.* Austin states that he was transferred to SCI-Chester without having

---

[1] In light of our ultimate determination that Austin has sought review of a grievance determination, over which we lack both appellate and original jurisdiction, as will be discussed *infra*, we dismiss the Motion for Pre-Complaint Discovery as moot.

[2] Austin used a cover sheet indicating that the Petition fell within our appellate jurisdiction.

[3] If, in fact, Austin has appealed from Capozza's determination directly to this Court and not to the Department's Office of Inmate Grievances and Appeals, Austin may have failed to exhaust his administrative remedies prior to seeking this Court's review. However, we are unable to make such a determination from the record as it is currently constituted.

[4] Austin is currently incarcerated at SCI-Houtzdale.

the opportunity to pack his personal property from his cell and that his property was not on the bus with him when he was transferred. *Id.* Austin asserts that on October 17, 2019, he received some, but not all, of his personal property from SCI-Fayette. *Id.* He claims to still be missing various items including personal and legal mail, socks and underwear, photographs, toothpaste, prayer rugs, ice cream tickets, and a radio. *Id.* Austin alleges that the corrections officers in charge of his property wrongfully kept it from him and that he only signed a DC-153 inventory receipt for his property under their "threat, duress, and coercion." *Id.* He maintains that the officers' actions were intentional: "[T]he processing officers decided to take my property [and] hide what remained as it was not processed in front of me, nor put on the bus with me" when he was transferred to SCI-Chester. *Id.* at 2.

Austin asserts that the officers' actions violated: the Department's policy and procedures for handling inmates' property when they are transferred (DC-ADM 815); the corresponding section of the Department's Inmate Handbook; the Department's Code of Ethics; and his rights under Amendments VIII and XIV of the United States Constitution (prohibition against cruel and unusual punishment and due process) and Article I, Section 1 (due process) of the Pennsylvania Constitution. Petition at 2 (citing U.S. Const. amend. VIII & XIV; Pa. Const. art. I, § 1). Austin asks that his missing property be returned to him, that the corrections officers be sanctioned, that the matter be "remanded" for further investigation, and that he be awarded $100,000 in damages. *Id.*

On March 10, 2021, the Department filed preliminary objections. The Department's first objection treats Austin's Petition as an appeal of a grievance, which the Department asserts is internal to the Department and therefore outside this Court's jurisdiction. Preliminary Objections at 2-3. The Department's second

3

objection, styled as a demurrer, avers that Austin has failed to establish a due process violation because the grievance system has been established as an adequate post-deprivation remedy for property-based allegations by inmates. *Id*. at 3-5. Austin sought an extension to respond to the Department's preliminary objections, which this Court granted. Order, 5/6/21. However, Austin failed to file a response within the allotted time and this Court subsequently ordered the matter submitted on briefs. Order, 8/17/21.

## II. Discussion

In reviewing preliminary objections, we shall treat as true all well and clearly pleaded material, relevant factual averments, and all inferences fairly deducible therefrom. *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006). However, conclusions of law and unjustified inferences are not admitted. *Id*. Preliminary objections will not be sustained unless the face of the pleadings shows that the law will not permit recovery, and any doubts should be resolved against sustaining the objections. *Id*.

Our Supreme Court has held that "internal prison operations are more properly left to the legislative and executive branches, and that prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference." *Bronson v. Cent. Off. Rev. Comm.*, 721 A.2d 357, 358 (Pa. 1998). As such, "the procedures for pursuing inmate grievances and misconduct appeals are a matter of internal prison administration" and largely outside this Court's jurisdiction, whether appellate or original. *Id*. at 358-59. A narrow exception exists where an inmate claims the violation of a specific constitutional right not otherwise limited by the Department's

4

regulations, keeping in mind that prison inmates "do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens." *Id*. at 359. Moreover, if an inmate asserts a constitutional violation, but review of the pleadings reflects that he is "actually contesting the factual findings resolved via the Department's internal grievance process," the claim remains outside this Court's jurisdiction. *Pelzer v. Pry* (Pa. Cmwlth., No. 2050 C.D. 2015, filed Aug. 12, 2016), slip op. at 6, 2016 WL 4263936, at *3 (unreported).[5]

Initially, pursuant to *Bronson*, we lack appellate jurisdiction to consider the merits of Austin's Petition to the extent it may be read as an appeal from an internal grievance decision. The Petition seeks our review of "Grievance 831647," alleges that it is being filed in accordance with the Department's grievance policy (DC-ADM 804), and challenges the alleged determination that the grievance was frivolous. Petition at 1. In this regard, Austin asserts in his brief that while he recognizes the primacy and adequacy of the grievance process, it "missed the mark" here. Austin's Br. at 1-2. It is well settled through *Bronson* and similar decisions that this Court lacks appellate jurisdiction to review the outcome of inmate grievances, and we may not do so in this instance.

To the extent Austin's Petition may be read as alleging a substantive constitutional property right deprivation in this Court's original jurisdiction, we note that "while prisoners obviously surrender a great many rights benefitting society at large, they remain entitled to possess undisturbed the property to which they are permitted in their confined setting, subject to the appropriate rules of the penal institution." *Whitaker v. Wetzel*, 170 A.3d 568, 574 (Pa. Cmwlth. 2017). However,

---

[5] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

as noted above, even where an inmate asserts a constitutional violation, if the facts as pleaded in the petition reflect that the true goal of seeking this Court's review is to relitigate a grievance, the matter will lie beyond this Court's jurisdiction for the reasons discussed above. *Pelzer*, slip op. at 6, 2016 WL 4263936, at *3.

Here, as noted, Austin specifies at the outset of the Petition that he is appealing a specific grievance (#831647), which was found frivolous by Lieutenant Dailey (Dailey), who appears to have been the officer assigned to conduct an initial review of and response to the grievance, and Capozza, the facility superintendent who would have reviewed the grievance on Austin's appeal after it was denied by Dailey.[6]  Petition at 1.  Austin also asserts that Dailey and Capozza erred in concluding that Austin had signed his DC-153 property receipt prior to being transferred to SCI-Chester and that Capozza "minimized" Dailey's alleged violation of his grievance "response" obligations as set forth in the Department's policy. *Id*. In his brief, Austin does allege due process violations, but does so in the context of the grievance process: "The evidence shows that [Austin] had property that was taken.  [T]hough the grievance procedure did allow him to contend this deprivation, it did not remedy the deprivation." *Id*. at 2.

Based on our review of the Petition, we conclude that Austin's allegation of substantive due process violations of his property rights does not amount to an independent constitutional claim in this Court's original jurisdiction. Rather, Austin's Petition asks this Court to review the outcome of his grievance,

---

[6] DC-ADM 804 at 1-7, 2-1.

which as noted above is beyond the scope of this Court's jurisdiction.[7,8] *Pelzer*, slip op. at 6, 2016 WL 4263936, at *3. We therefore sustain the Department's preliminary objection asserting this Court's lack of jurisdiction over Austin's Petition.

### III. Conclusion

For the foregoing reasons, we sustain the Department's preliminary objection asserting that this Court lacks jurisdiction to review Austin's Petition sounding in allegations concerning his unsuccessful grievance. The Petition is dismissed.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[7] In light of our conclusion that we lack subject matter jurisdiction to consider the merits of Austin's Petition, the Department's second preliminary objection asserting that the grievance procedure provided Austin with sufficient post-deprivation procedural due process is dismissed as moot. We note, however, that Austin's Petition does not claim either that the grievance process is unconstitutional or that it was not followed by SCI personnel. Petition at 1-2.

[8] To the extent Austin's Petition may be read as asserting an independent tort claim in this Court's original jurisdiction for conversion by Department personnel of his personal property, it fails to do so. As Austin is a *pro se* litigant, we may adopt a liberal construction when analyzing his Petition. *See Mueller v. Pa. State Police Headquarters*, 532 A.2d 900, 902 (Pa. Cmwlth. 1987). However, we are not empowered to give a *pro se* litigant "any particular advantage because of his lack of knowledge of the law." *Id.* "In short, an uncounseled litigant cannot expect the court to act as his attorney." *Young v. Est. of Young*, 138 A.3d 78, 87 (Pa. Cmwlth. 2016) (citing *Smathers v. Smathers*, 670 A.2d 1159 (Pa. Super. 1996)). Although Austin's Petition asks in its prayer for relief for this Court to order return of his property as well as an award of money damages, we read this within the context of the rest of his Petition, which sounds more reasonably in allegations arising from his unsuccessful grievance than allegations arising in tort.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Austin,                                  :
               Petitioner                 :
                             :
        v.                                  :
                             :
Pennsylvania Department            :
of Corrections,                              :   No. 650 M.D. 2020
               Respondent               :

## O R D E R

AND NOW, this 1st day of September, 2022, we sustain the first preliminary objection of the Pennsylvania Department of Corrections (Department) asserting that this Court lacks jurisdiction to review Petitioner Joseph Austin's (Austin) Petition for Review (Petition). We dismiss as moot the Department's second preliminary objection asserting that Austin failed to state a claim as to any due process violations, and Austin's Motion for Pre-Complaint Discovery. The Petition is dismissed.

_____
CHRISTINE FIZZANO CANNON, Judge