# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerome Small,                                   :
               Appellant                  :
                            :   No. 339 C.D. 2024
                            :
          v.                             :
                            :   Submitted:  March 4, 2025
A. Wakefield and J. Rivello          :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                  HONORABLE LORI A. DUMAS, Judge
                  HONORABLE MATTHEW S. WOLF, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                 **FILED:  March 27, 2025**

Jerome Small (Appellant) appeals from the order entered by the Court of Common Pleas of Huntingdon County (trial court) on February 14, 2024, which dismissed a civil complaint filed by Appellant as frivolous pursuant to Pa.R.Civ.P. 240(j)(1).  Upon review, we affirm.

## I. BACKGROUND[1]

Appellant is an inmate in the custody of the Pennsylvania Department of Corrections (DOC).  According to Appellant, in May 2021, while incarcerated at the State Correctional Institution at Huntingdon (SCI-Huntingdon), Appellant was sent to the restrictive housing unit (RHU) for 45 days.  Thereafter, in October 2021, Appellant was transferred to SCI-Greene, where he was ultimately placed in another RHU.

---

[1] We derive this background from Appellant's complaint.  *See* Complaint, 8/11/23.

While in the RHU, Appellant's access to legal materials was restricted; however, in November 2021, Appellant received some but not all his property. According to Appellant, he did not receive three boxes of legal material. He was informed by his block unit manager that SCI-Huntingdon had possession of these boxes, but it was unclear when they would be forwarded to Appellant.

In April 2022, Appellant filed a grievance with A. Wakefield at SCI-Huntingdon, who denied the grievance as untimely. Thereafter, Appellant appealed the denial of his grievance to J. Rivello, who affirmed the denial.

In August 2023, Appellant commenced this civil litigation in the trial court. According to Appellant, A. Wakefield and J. Rivello (collectively, Appellees) effectively denied Appellant access to the courts[2] and violated several of his federal constitutional rights.[3] In relief, Appellant sought money damages and injunctive relief (*i.e.*, the return of his property).

The trial court dismissed Appellant's complaint as frivolous, concluding that it lacked an arguable basis in law or in fact and, therefore, did not set forth a valid cause of action. Specifically, the court determined (1) that it lacked authority to review internal grievance decisions by DOC, (2) that Appellant's claims

---

[2] According to Appellant, he has two cases pending, *Small v. Kauffman* (M.D. Pa., Civil No. 1:20-CV-0142), and *Small v. Dryer* (Delaware Cnty. Ct. of Common Pleas, 2013-009271).

[3] Appellant succinctly pleaded violations of his First, Fifth, and Fourteenth Amendment rights. Compl., 8/11/23, V. For reasons set forth below, we do not examine Appellant's constitutional claims. We acknowledge that the "denial of access to legal documents may constitute a violation of a prisoner's First Amendment right to petition the courts and/or Fourteenth Amendment due process rights . . . ." *Hackett v. Horn*, 751 A.2d 272, 275 (Pa. Cmwlth. 2000) (citation omitted). However, it is unclear from Appellant's complaint whether Appellant has alleged any actual injury from the loss of these legal materials, where "actual injury" is defined as the loss or rejection of a nonfrivolous legal claim regarding the sentencing or the conditions of confinement. *See id.* Rather, Appellant pleaded generally that he "cannot effectively move forward with his legal matters without his legal work . . . ." Compl., IV.

for monetary damages failed because Appellees were not personally involved in confiscation or retention of his legal material, and (3) that Appellant's claims for affirmative, injunctive relief are barred by sovereign immunity. Trial Ct.'s Statement, 4/30/24, at 1-2. Appellant timely appealed, and the trial court issued a statement in lieu of a Pa.R.A.P. 1925(a) opinion.

## II. DISCUSSION[4]

Appellant asserts that the trial court erred in dismissing his complaint as frivolous.[5] Appellant's Br. at 7. According to Appellant, Appellees violated his First Amendment "[r]ight for redress" because Appellees should have granted him an extension of time to file his grievance. *Id.* at 7 (citing DC-ADM 804 § 1(C)(2)(b), (e)). Further, Appellant maintains that Appellees could have ensured the return of his legal materials but declined to do so in retaliation for his other, pending litigation and that Appellees and others conspired to deprive him of his property.[6] *Id.* at 7-8.

---

[4] This Court's review of a decision dismissing an action pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1) "is limited to determining whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

[5] Appellant also suggests that he is entitled to some benefit as he proceeds *pro se* in this matter. *See* Appellant's Br. at 7 (asserting that "a *pro se* complaint should be held to less strict standards than a motion [sic] drafted by a lawyer"). That is incorrect. Although this Court must construe *pro se* pleadings liberally, it is well settled that courts "cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) (*per curiam*). Ultimately, "*pro se* [litigants] are held to the same standards as licensed attorneys." *Commonwealth v. Williams*, 896 A.2d 523, 535 (Pa. 2006); *Wright v. Wetzel* (Pa. Cmwlth., No. 669 C.D. 2023, filed Oct. 21, 2024), slip op. at 8 (remarking that "*pro se* status confers no special benefit upon a litigant"). *See* Pa.R.A.P. 126(b) (providing that unreported decisions of this Court, filed after January 15, 2008, may be cited for their persuasive value).

[6] Appellees have not responded to these several arguments, instead notifying this Court that they would not participate in this appeal, as the matter was dismissed by the trial court prior to service. Notice of Non-participation, 8/1/24.

Pennsylvania Rule of Civil Procedure 240(b) provides a procedure that enables a person without financial resources sufficient to pay the costs of litigation to proceed *in forma pauperis* (IFP). Pa.R.Civ.P. 240(b). The potential litigant must petition the trial court for IFP status and, if granted, shall not be required to pay costs and fees associated with the litigation. Pa.R.Civ.P. 240(c), (f). However, the trial court "prior to acting upon the petition may dismiss the action, . . . if it is satisfied that the action . . . is frivolous." Pa.R.Civ.P. 240(j)(1). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Id.* at *Note* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Under Rule 240, an action is frivolous, if, on its face, it does not set forth a valid cause of action. *Whitaker v. Wetzel*, 170 A.3d 568, 573 (Pa. Cmwlth. 2017); *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015).

It would appear that Appellant seeks judicial review of his grievance filed at SCI-Huntingdon, initially suggesting that Appellees should have granted him an extension rather than denying his grievance as untimely. *See* Appellant's Br. at 7. This particular criticism of the grievance process was not pleaded in Appellant's complaint or otherwise raised before the trial court. *See generally* Compl., 8/11/23. It is therefore subject to waiver. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *see, e.g.*, *Commonwealth v. Berrien* (Pa. Cmwlth., Nos. 1606 & 1607 C.D. 2018, filed Jan. 30, 2020), 2020 WL 476914 (finding *pro se* appellant's claim for return of property waived because it had not been raised before the trial court).

Further, absent waiver, it is well settled that "the procedures for pursuing inmate grievances and misconduct appeals are a matter of internal prison administration" not generally subject to judicial review. *Bronson v. Cent. Off. Rev. Comm.*, 721 A.2d 357, 358 (Pa. 1998). This is because "prison officials must be

allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference." *Id.* Thus, we decline to consider whether Appellees should have granted Appellant an extension, as the dismissal of Appellant's grievance as untimely was an internal administrative decision over which our review is limited. *Id.*; *see also Gentilquore v. Pa. Dep't of Corr.*, 326 A.3d 512, 516-17 (Pa. Cmwlth. 2024) (defining a narrow category of prisoner claims that will invoke this Court's original jurisdiction).[7]

Finally, apart from these dispositive critiques of Appellant's claim, it is otherwise and clearly without merit. The DOC maintains an inmate grievance system that permits any inmate to seek review of problems experienced during his confinement. 37 Pa. Code § 93.9 (incorporating DC-ADM 804). If an inmate is unable to resolve a concern informally, the inmate must submit an initial grievance to the appropriate grievance coordinator "within 15 working days of the initial incident." *Kittrell v. Watson*, 88 A.3d 1091, 1092 (Pa. Cmwlth. 2014); DC-ADM 804 § 1(A)(8). A time extension for filing a grievance will be considered on a case-by-case basis, provided the inmate notifies the grievance coordinator of the reason for the delay. DC-ADM 804 § 1(C)(2).[8] In addition to any reason offered by the

---

[7] This matter is properly within our appellate jurisdiction. 42 Pa.C.S. § 762(a). In citing this Court's recent decision in *Gentilquore*, we do not suggest that Appellant has filed a claim improperly in this Court's original jurisdiction but rather highlight the limited judicial review of internal administrative decisions of the DOC.

[8] Subsection (2) provides:

> 2. A time extension for filing a grievance will be considered on a case-by-case basis. The inmate must notify the Facility Grievance Coordinator/designee of the reason for the delay. The Facility Grievance Coordinator/designee will consider the reason given and also consider if the delay was caused by:
>> a. a temporary transfer from the facility where the grievance should have been filed;

5

inmate, the grievance coordinator will consider whether the delay was caused by a facility transfer or any other appropriate reason. *Id.*

Appellant's grievance was patently untimely. According to Appellant, he noted the absence of his legal materials sometime between November 23 and 25, 2021. Compl., II.8. Although the precise timing is unclear, Appellant then spoke to his block unit manager and learned that this property was at SCI-Huntingdon. *Id.*, II.9. Appellant admittedly "let some time pass" before filing an initial grievance with SCI-Greene on April 24, 2022. *Id.*, II.10. Appellant re-filed the grievance with SCI-Huntingdon two days later, on April 26, 2022. On these facts, Appellant's grievance was filed approximately five months after learning that his legal materials were missing, far beyond the 15-day grievance period. *Kittrell*, 88 A.3d at 1092; DC-ADM 804 § 1(A)(8).

Moreover, in order to receive an extension, Appellant was required to notify the grievance coordinator of the reason for his delay. DC-ADM 804 § 1(C)(2). However, Appellant's complaint does not identify any reason provided to the coordinator, A. Wakefield, that would support an extension. *See generally* Compl. To the extent that Appellant now invokes his transfer from SCI-Huntingdon to SCI-Greene, we would conclude that, while his transfer may have contributed to

---

        b. a permanent transfer to another facility from the facility where the grievance should have been filed;

        c. Authorized Temporary Absence (ATA) for an extended period;

        d. another delay with mail delivery; or

        e. any other reason the Facility Grievance Coordinator/designee deems appropriate.

      NOTE: If it is determined that a delay was caused by a circumstance listed above, a reasonable extension of time for filing shall be permitted.

DC-ADM 804 § 1(C)(2) (effective 2/16/16).

the loss of his property, his transfer does not explain or excuse Appellant's dilatory efforts to recover it.

Appellant's additional assertions, that he can prove A. Wakefield's initial denial of his grievance was an act of retaliation and that J. Rivello's affirmance of this denial suggests a conspiracy to deprive Appellant of access to the courts, also lack merit. While these assertions aptly summarize Appellant's pleadings, *see* Compl., IV-VI, Appellant has not addressed the legal reasons supporting the trial court's decision. *See generally* Appellant's Br.

As noted by the trial court, Appellant seeks money damages from Appellees for the confiscation and retention of his legal materials in violation of his constitutional rights.[9] *See* Trial Ct.'s Statement at 2; Compl., Wherefore clause. However, "[c]laims for money damages for [the] violation of constitutional rights cannot be based on vicarious liability or *respondeat superior*." *Watkins v. Dep't of Corr.*, 196 A.3d 272, 276 (Pa. Cmwlth. 2018) (citing, *inter alia*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Rather, "the plaintiff must allege that the individual defendant was personally involved in the alleged wrongs." *Id.*; *see also Wright v. Wetzel* (Pa. Cmwlth., No. 669 C.D. 2023, filed Oct. 21, 2024), slip op. at 9 ("[T]hose in the 'chain of command' should not be subject to suit on any theory of vicarious liability.") (quoting *DuBree v. Commonwealth*, 393 A.2d 293, 295 (Pa. 1978)), 2024 WL 4531286.

---

[9] Appellant did not specifically assert his claims under 42 U.S.C. § 1983, but that authority is fairly implied. Section 1983 authorizes actions against those acting under color of law who deprive a person "of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983.

Additionally, we note that claims for damages by an inmate for loss of his personal property while it was under the care, custody, or control of prison employees are not barred by sovereign immunity. *Williams v. Stickman*, 917 A.2d 915, 918 (Pa. Cmwlth. 2007).

7

Appellant has not pleaded that Appellees were personally or directly responsible for the confiscation or retention of Appellant's legal materials. *See generally* Compl., *but see id.*, IV (asserting that Appellees' conduct, *i.e.*, denying his grievance, "effectively" denied him access to the courts). Rather, as the trial court reasoned, Appellant "has filed his claims . . . on the basis of [Appellees'] grievance decisions, which clearly invokes their respective supervisory authority over other DOC employees." Trial Court's Statement at 2. We therefore agree that Appellant has not set forth a valid claim for damages. *Watkins*, 196 A.3d at 276; *Wright*, slip op. at 9.

Finally, "sovereign immunity bars claims seeking mandatory injunctions to compel affirmative action by Commonwealth officials . . . ." *Stackhouse v. Pa. State Police*, 892 A.2d 54, 61 (Pa. Cmwlth. 2006); *see also, e.g.*, *Page v. Rogers*, 324 A.3d 661, 679 n.32 (Pa. Cmwlth. 2024) (recognizing that the plaintiff's claim for relief directing prison official to return his legal documents was a mandatory injunction for which prison official had immunity). Here, Appellant seeks injunctive relief that would require affirmative action by Appellees, *i.e.*, the return of Appellant's legal materials. Compl., Wherefore clause ("Order [Appellees] to send my legal work and property without [Appellant] having to [sic] . . ."). Thus, sovereign immunity bars this claim. *Stackhouse*, 892 A.2d at 61.

### III. CONCLUSION

In this matter, the trial court dismissed Appellant's complaint as frivolous pursuant to Pa.R.Civ.P. 240(j)(1). Upon review, Appellant challenges the outcome of an inmate grievance, which is a matter of internal prison administration not generally subject to judicial review. *Bronson*, 721 A.2d at 358. Additionally, Appellant seeks money damages from Appellees based on their respective,

8

supervisory authority, which does not state a valid claim. *Watkins*, 196 A.3d at 276; *Wright*, slip op. at 9. Finally, Appellant's request for mandatory injunctive relief from Appellees is barred by sovereign immunity. *Stackhouse*, 892 A.2d at 61. For these reasons, we agree with the trial court that Appellant's complaint is frivolous. *See Whitaker*, 170 A.3d at 573; *Jones*, 126 A.3d at 408. Accordingly, we affirm.

_____

**LORI A. DUMAS, Judge**

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerome Small,                  :
          Appellant        :
                        :   No. 339 C.D. 2024
           v.              :
                        :
A. Wakefield and J. Rivello  :

## O R D E R

AND NOW, this 27th day of March, 2025, the order entered by the Court of Common Pleas of Huntingdon County on February 14, 2024, is AFFIRMED.

_____

**LORI A. DUMAS, Judge**