J-S12034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK T. SHEVLIN | : | |
| | : | |
| Appellant | : | No. 2238 EDA 2023 |

Appeal from the Order Entered August 8, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000187-2020

BEFORE:  DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 9, 2024**

Patrick T. Shevlin, Appellant, appeals *pro se* from the post-conviction court's order dismissing, as untimely, his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We agree with the PCRA court that his formal petition for collateral relief was filed after the expiration of the one-year period to seek collateral review.  However, we agree with Appellant that the record supports his contention that he commenced PCRA proceedings within the applicable time limits.  That issue implicates whether the PCRA court correctly dismissed the petition in its independent review, which we review *de novo*.  We conclude that the PCRA court erred in failing to treat that earlier filing as a request for PCRA relief, and vacate and remand for further proceedings.

Our memorandum affirming Appellant's judgment of sentence, filed June 22, 2021, set forth the factual and procedural histories as follows:

On April 21, 2018, the Port Jervis Police Department effectuated a stop of Appellant's vehicle in New York. N.T., 8/6/20, at 7. The Port Jervis police discovered "in excess of two hundred bags" of heroin in Appellant's possession. *Id.*

On September 24, 2019, Detective Michael Jones of the Pike County, Pennsylvania, Criminal Investigation Division received a report from a Port Jervis police officer, as well as a New York State trooper, advising that Eric Ramalho died in Port Jervis, Orange County, New York, as a result of a drug overdose. *See* Affidavit of Probable Cause, filed 3/30/20. The report further advised that, based on an investigation, the New York authorities determined Mr. Ramalho purchased the illegal drugs, which caused his death, from Appellant at a Turkey Hill in Matamoras Borough, Pike County, Pennsylvania, on April 19, 2018. *Id.* Detectives Jones then investigated the matter in Pennsylvania, including seizing surveillance footage from cameras at the Turkey Hill in Pike County. *Id.*

Appellant was charged with various crimes in New York, and he pled guilty to possession with the intent to deliver a controlled substance with regard to the heroin seized by the Port Jervis police during the April 21, 2018[] traffic stop. N.T., 8/6/20, at 12-13. He received a sentence in New York of five years in prison.

On March 30, 2020, Appellant was charged in Pike County, Pennsylvania, with various crimes in connection with the April 19, 2018[] sale of the illegal drugs to Mr. Ramalho. On July 2, 2020, Appellant entered a guilty plea to the sole charge of drug delivery resulting in death, and in exchange, the Commonwealth dismissed the remaining charges. Further, the Commonwealth agreed to recommend a sentence of "six years to the max to be determined by the [trial] court." *Id.* at 11. The plea agreement left open for the trial court's discretion the issue of whether the sentence imposed in Pennsylvania would run concurrently or consecutively to the sentence previously imposed in New York. *Id.* at 12.

On August 6, 2020, Appellant, who was represented by counsel, proceeded to a sentencing hearing at which the trial court specifically indicated it was "agreeable to imposing a six-year minimum sentence[.]" *Id.* The trial court reviewed a pre-sentence investigation report, considered the sentencing guidelines, heard arguments from both parties, and provided Appellant with his right of allocution. The trial court reviewed the victim impact statement from Mr. Ramalho's mother, who

- 2 -

indicated she did not want her son's friend, Appellant, to receive any additional prison time. *Id.* at 10.

After stating its reasons on the record, the trial court imposed a sentence of six years to eighteen years in prison, to run consecutively to the sentence Appellant was serving in the State of New York. *See id.* at 11-13.

*Commonwealth v. Shevlin*, No. 1672 EDA 2020, unpublished memorandum at *1-3 (Pa. Super. filed June 22, 2021) (footnote omitted). Appellant's sole claim on appeal challenged the discretionary aspects of his sentence and was deemed waived due to the Commonwealth's objection to Appellant's failure to include a Pa.R.A.P. 2119(f) statement.

Appellant's New York conviction is pertinent to the subsequent procedural history. The docket shows an entry labeled "case correspondence," docketed July 11, 2022. In this filing, Appellant requested "poor person status and to be appointed counsel by the court for assistance with post-conviction relief and/or direct appeal." Filing, 7/11/22, at 1 (unnumbered). Appellant claimed that he "has effectively been abandoned by his plea counsel," averring that counsel and Appellant did not speak following his sentencing, despite Appellant's multiple attempts to contact counsel. *Id.*[1] Appellant stated that the only communication he received was a copy of this Court's decision denying his appeal. Appellant further stated that his attempts to communicate with counsel were stymied by measures related to the COVID pandemic. Appellant closed with the following: "Please either consider this a formal

_____

[1] Appellant was represented by the same attorney at the trial court and on direct appeal.

- 3 -

motion to proceed as a poor person and assign counsel … or send [me] the paperwork … to do such." *Id.* at 1-2. The next entry on the docket is a Motion to Proceed *In Forma Pauperis*, docketed on August 1, 2022. This motion was prepared on Pennsylvania-specific forms and contains a handwritten date of July 19, 2022.

Neither the docket nor the certified record indicates that the court took any action on these requests. The next entry is listed as "case correspondence," and was docketed on October 3, 2022 (with a handwritten notation of September 23, 2022). The document begins: "I am writing to inquire as to the status of the motion to proceed as a poor person I filed with the court. If there was an error in the paperwork please advise." Filing, 10/3/22, at 1 (unnumbered). Additionally, Appellant again indicated that he wished to have counsel appointed for collateral proceedings, stating: "I require assistance with post[-]conviction relief and due to my status of being incarcerated in the New York State Dept. of Corrections for almost 5 years[,] I have no access to … any type of Pennsylvania forms or documentation…." *Id.* The trial court did not respond.

The next entry is a Motion to Proceed *In Forma Pauperis*, docketed March 24, 2023. On April 3, 2023, the PCRA court denied the motion "as moot, as there is nothing currently pending before the [c]ourt. If [Appellant] desires to file a Petition pursuant to the [PCRA], his requests to proceed *in forma pauperis* and for appointment of counsel are premature." Order, 4/3/23, at unnumbered 1.

That same day, the court docketed a formal petition for relief under the PCRA. This filing was prepared on Form DC-198, which is a standard form supplied by the Pennsylvania Department of Corrections. ***See Commonwealth v. Duffey***, 713 A.2d 63, 66 (Pa. 1998) ("The PCRA Petition is written on a six-page preprinted form that the Department of Corrections provides to inmates … (Form DC–98).").[2] On April 5, 2023, the PCRA court issued an order stating this April 3, 2023 filing was the "first such motion filed in this matter" seeking collateral relief, and appointed James P. Baron, Esq., to file an amended petition or file a motion to withdraw with a "no merit" letter pursuant to ***Turner/Finley***.[3]

Attorney Baron filed a ***Turner/Finley*** "no merit" letter on June 16, 2023, concluding that Appellant's request for relief was untimely. It stated: "In this matter, [Appellant]'s *pro se* petition … was not filed … until April 23, 2023 [*sic*]*,* approximately twenty-one (21) months after the judgment became final." No Merit Letter, 6/16/21, at 3. The filing also quoted the three

_____

[2] It is not clear when Appellant was transferred to this Commonwealth to serve his sentence. The record contains an Inmate Transport Cost Form, filed by the Pike County Sheriff's Office, with a printed date of April 17, 2023. The "starting location" is listed as "NY DOC WOODBOURNE," and the ending location is listed as "PIKE COUNTY JAIL." The stated reason for the transport is listed as "SENTENCING ORDER." It is unclear if this document was prepared in advance of transportation or submitted for reimbursement after-the-fact. The Pennsylvania Inmate Locator website shows that Appellant is currently incarcerated in this Commonwealth, but it does not indicate when Appellant was lodged here.

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

statutory exceptions to the one-year time-bar and concluded, without elaboration, that the petition "does not meet any of the enumerated exceptions…." *Id.*

The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing on June 29, 2023. Appellant filed an objection, complaining that his counsel had failed to communicate with him, and that counsel was ineffective in that the sole claim presented on appeal was deemed waived by this Court. Additionally, Appellant noted that he "ha[d] repeatedly reached out to this court since his sentencing while incarcerated in New York." *Pro se* Objection, 7/17/23, at unnumbered 1. He claimed that he had been transported between different facilities and had difficulties securing time in the law library. Appellant said that he had attempted to access the facilities to prepare a response to the PCRA court's notice of intent to dismiss, but could not adequately research the law and "has been left no choice but to hand write [*sic*] this … to meet the deadline set by the court." *Id.* at unnumbered 3.

On August 8, 2023, the PCRA court issued an order denying Appellant's petition and granting Attorney Baron's motion to withdraw.[4] The PCRA court agreed with Attorney Baron that the petition was untimely and that Appellant failed to satisfy any statutory exception to the time-bar.

Appellant filed a timely, *pro se* notice of appeal on August 25, 2023, and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise

_____

[4] The PCRA court originally dismissed the petition on August 1, 2023, but vacated and reissued the order after receiving Appellant's *pro se* filing.

statement of matters complained of on appeal. Appellant now raises the following issues for our review, which we reproduce mostly verbatim:

> 1. The [PCRA c]ourt created an error in law, when after reviewing the record denied [Appellant]'s PCRA Petition for relief without a hearing and allowing PCRA counsel to withdraw. Instead finding "We were faced only with the threshold issue of timeliness of the [p]etition."

> 2. The [PCRA c]ourt created an error in law, when after reviewing the record denied [Appellant]'s PCRA Petition for relief without a hearing finding "The record reflects that the instant PCRA Petition- was not filed until April 23, 2023...'

> 3. The [PCRA c]ourt created an error in law and interfered with … [Appellant]'s ability to timely file a PCRA Petition by repeatedly failing to respond to requests for Post-Conviction Relief by … [Appellant] and failing to log correspondence on the Official Docket entry.

Appellant's Brief at 2-3.

Appellant's brief primarily challenges the PCRA court's conclusion that his April 3, 2023 petition[5] represented his first request for collateral relief. He cites his multiple communications with the PCRA court prior to the expiration of the one-year time limit, which he characterizes as attempts to commence collateral proceedings. Citing his July 11, 2022 letter to the PCRA court, he claims that the PCRA court "incorrectly contends that the record reflects that … [Appellant] did not request [c]ollateral [r]elief until April…." *Id.* at 7. Appellant points to the governmental-interference exception to the PCRA time-bar, arguing that he was deprived of access to Pennsylvania-specific

_____

[5] At times, various documents in the record have referred to Appellant's petition as being docketed both April 3, 2023, and April 23, 2023. The record establishes that the filing was docketed on April 3.

forms, despite specifically requesting the appointment of counsel to help him seek collateral relief. Appellant requests we remand for further proceedings.

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." **Commonwealth v. Kelsey**, 206 A.3d 1135, 1139 (Pa. Super. 2019) (citations omitted). Where appointed counsel seeks to withdraw under **Turner/Finley**, the PCRA court "must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit…." **Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014). Where, as here, the PCRA court agreed with counsel that the petition was untimely, we review whether the PCRA court correctly concluded as a matter of law that the petition is untimely, as the time-bar implicates our jurisdiction. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007).

A PCRA petition is timely if filed within one year of the date the judgment of sentence became final. **See** 42 Pa.C.S. § 9545(b). This Court denied Appellant's direct appeal on June 22, 2021. Appellant did not seek further review with our Supreme Court, and his judgment of sentence became final thirty days later, on July 22, 2021, when his time to do so expired. Thus, Appellant was required to seek collateral review on or before July 22, 2022.

The complication in this case arises from Appellant's claim that the PCRA court incorrectly concluded that the April 3, 2023 petition for relief was his first request for collateral relief. Appellant identifies the July 11, 2022 filing, in which he requested that the PCRA court grant him *in forma pauperis* status

and appoint counsel, as his first request for collateral relief. **See** Appellant's Brief at 7 ("The record in fact reflects [Appellant] reached out to the [l]ower [c]ourt for [PCRA r]elief on July 11, 2022."). That document was docketed eleven days before the July 22, 2022 deadline.

As a prefatory matter, we note that Appellant does not raise a claim that Attorney Baron was ineffective with respect to the adequacy of his "no merit" letter, which did not discuss the legal effect, if any, of the July 11, 2022 document. **See Commonwealth v. Pitts**, 981 A.2d 875, 880 (Pa. 2009) (holding it is error to address the adequacy of appointed counsel's filings where "[n]either party raised the issue of the adequacy of PCRA counsel's no-merit letter"). Nor did Appellant argue, in his response to the notice of intent to dismiss his petition, any ineffectiveness claim concerning the "no merit" letter's failure in that regard, including whether any exception to the time-bar would apply if the April 3, 2023 filing is deemed the pertinent pleading. We thus conclude that Appellant has not preserved or raised any claim of ineffectiveness concerning the "no merit" letter's conclusion that no exception applied, as that claim could have been raised in his response to the notice of the intent to dismiss. **See Commonwealth v. Crumbley**, 270 A.3d 1171, 1181 (Pa. Super. 2022) (observing that following **Commonwealth v. Bradley,** 261 A.3d 381 (Pa. 2021), claims of ineffective assistance of PCRA counsel must be raised "at the first practical opportunity" to do so).

Relatedly, Appellant argues in his brief that his April 3, 2023 document would satisfy a time-bar exception because the PCRA court's failures to act on

his earlier requests for counsel constituted an interference with his attempt to seek PCRA relief. Appellant's Brief at 9-10 ("It was clear [Appellant] was incarcerated in another state and had no access to Pennsylvania forms, procedure, etc. And wrote the courts explicitly expressing this and his request for [PCRA] relief…."). As noted *supra*, counsel's "no merit" letter did not address whether any exception to the time-bar applies, and we note that the April 3, 2023 petition did not cite or discuss any exception to the time-bar. "Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal." **Commonwealth v. Thompson**, 287 A.3d 885 (Pa. Super. 2022) (citing **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007)). "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." **Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

Accordingly, to the extent that the April 3, 2023 filing represents the first petition for PCRA relief, we conclude that the applicability of any time-bar exception is not at issue, as Appellant failed to plead the exception in his *pro se* petition and has not challenged appointed counsel's stewardship in that regard. We therefore agree that the PCRA court correctly dismissed the April 3, 2023 petition as untimely.

The untimely nature of the April 3, 2023 pleading does not end the matter, as we conclude that the legal effect of the July 11, 2022 filing is within our scope of review. As a technical matter, a conclusion that those

communications compelled the court to appoint counsel for purposes of preparing a "no merit" letter or amended petition would be relevant to a claim that Appellant was entitled to an exception to the time-bar with respect to the April 3, 2023 filing. As discussed, we conclude that Appellant has not preserved any argument concerning a time-bar exception. We nevertheless address the ramifications of the July filing because Appellant's argument, if correct, would mean that the PCRA court erred in its independent review. In other words, our *de novo* review of the order denying PCRA relief requires this Court to examine whether the PCRA proceedings were, in fact, initiated via the July 11, 2022 filing. If so, Appellant's request was timely and the PCRA court erred in dismissing the petition.

It is well-settled that all requests for collateral relief that are cognizable under the PCRA must be treated as a petition under the PCRA. This principle is commonly used to a defendant's detriment, as it ensures that a litigant cannot evade the PCRA's timeliness provisions. *See, e.g.*, *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) ("A defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*."). Logically, the same principle applies when treating the request under the PCRA would be to a convicted individual's benefit.

The question thus becomes whether Appellant's filings constituted a "petition" such that the PCRA court was required to treat it as a PCRA filing and appoint counsel at that juncture. We presume that a naked request for the appointment of counsel would not qualify as a valid collateral petition, as

Rule of Criminal Procedure 902 dictates that the "content" of a valid petition for collateral relief includes, *inter alia*, "the relief requested" and "the grounds for the relief requested[.]" Pa.R.Crim.P. 902(A)(10)-(11). In **Commonwealth v. Wrecks**, 931 A.2d 717, 720 (Pa. Super. 2007), we stated that "[t]he content of the motion—just exactly what is pled and requested therein—is relevant to deciding whether to treat the motion as a collateral petition." The essence of a "petition" is a request for relief that is available under the PCRA. "[A] petition raising a claim for which the PCRA does not offer a remedy will not be considered a PCRA petition. Thus, the question then becomes whether petitioner had an available remedy under the PCRA…." **Commonwealth v. Deaner**, 779 A.2d 578, 580 (Pa. Super. 2001) (quotation marks and citation omitted). If the petitioner had a potential remedy under the PCRA, the court was required to treat the July 11, 2022 filing as a PCRA petition. **Commonwealth v. Jackson,** 30 A.3d 516, 521 (Pa. Super. 2011) ("We have repeatedly held that … any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (citation omitted; bracketing in original).

Fairly read, within the July 11, 2022 filing, Appellant raised a claim that his plea/direct appeal counsel was ineffective, a claim which is clearly cognizable under the PCRA. Appellant claimed that he had "effectively been abandoned by his plea counsel" and complained that counsel, while ultimately supplying Appellant with a copy of this Court's decision denying relief, failed to communicate with him throughout the appeal process. Liberally read,

Appellant was seeking to raise an ineffective assistance of counsel claim relative to direct appeal counsel's assistance. *See Commonwealth v. Bath*, 907 A.2d 619, 623 (Pa. Super. 2006) (discussing appellate counsel ineffectiveness for failing to consult with litigant regarding further review with our Supreme Court); *Commonwealth v. Liebel*, 825 A.2d 630, 635 (Pa. 2003) (holding that the rule-based right to file a petition for allowance of appeal requires an attorney to seek review with the Supreme Court if the client requests).[6]  The PCRA court therefore erred when it did not treat the July filing as a PCRA petition.  *Cf. Hill v. Thorne*, 635 A.2d 186, 189 (Pa. Super. 1993) (liberally construing *pro se* petition pleading a civil cause of action; "Where these allegations are adequately set forth, a *pro se* complaint will not be dismissed just because it is not artfully drafted.").

Finally, we conclude that the circumstances of Appellant's incarceration are relevant to this determination.  In *Commonwealth v. Guthrie*, 749 A.2d 502 (Pa. Super. 2000), Guthrie filed a "motion to correct illegal sentence" on May 17, 1999.  *Id.* at 503.  This motion was patently untimely under the PCRA as Guthrie's judgment of sentence became final in 1996.  The trial court treated the petition as a request for relief under the PCRA and denied it as untimely.  In its Pa.R.A.P. 1925 opinion, the court recognized that it should have appointed counsel and asked this Court to reverse and remand.  We

---

[6] Obviously, whether Appellant's claim was meritorious is irrelevant.  Our task is to determine whether Appellant's petition set forth a claim for which the PCRA offered relief.

agreed, explaining that under relevant caselaw an indigent petitioner is entitled to the appointment of counsel for a first PCRA petition regardless of its facial untimeliness. Of note here, we approvingly quoted the trial court's discussion of why the request should have been construed as a PCRA petition:

> [T]he standard PCRA petition form used extensively by inmates in Pennsylvania contains a checkmark space for requesting appointment of counsel. Thus, the form alerts such petitioners that they may request counsel. However, where, as here, the petitioner files another type of pleading that the court elects to treat as a PCRA petition, the uninformed petitioner is never made aware that he or she may be entitled to counsel.

*Id.* at 504 (quoting trial court opinion).

As discussed *supra*, Appellant's conviction at this case was set consecutively to his New York sentence. While serving his New York sentence, Appellant lacked access to the standard form used by Pennsylvania inmates. ***Duffey***, ***supra*** (stating that the Pennsylvania Department of Corrections provides inmates with access to a preprinted form for seeking PCRA relief). Had Appellant submitted that form and checked the corresponding boxes for raising an ineffective assistance of counsel claim, there would be no doubt that such filing would constitute a petition for relief.

Accordingly, we vacate the order dismissing Appellant's petition. Upon remand, the PCRA court shall appoint counsel to file a proper ***Turner/Finley*** letter, or an amended petition as warranted after counsel's review.

Order vacated. Remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Dubow joins this memorandum.

Judge Sullivan concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  5/09/2024